John C. Smith *v.* Robert B. Bowler.

———•———

JOHN C. SMITH *v.* ROBERT B. BOWLER.

(No. 6,939.)

1. An act done maliciously or fraudulently will not furnish a ground of action if it be not itself unlawful; there must be legal damage resulting. Nor is it sufficient that the conduct of the defendant is immoral.

2. The promise of an individual member of a firm to give his personal guaranty for the faithful performance of a contract by his firm, comes within the statute of frauds and should be in writing.

3. An action will not lie upon a promise to guaranty the performance of a verbal contract, required by the statute of frauds to be evidenced in writing.

GENERAL TERM.—Proceeding in error to reverse a judgment rendered at special term of November, A. D., 1857, and reported in vol. 1, page 520.

The petition of the plaintiff stated that in May, 1855, he was employed in the banking house of Smead, Collard & Hughes, in Cincinnati, at a salary of $2,000 per annum; that the defendant being, at the time, interested in the firm of Carney, Swift & Co., held out inducements to the plaintiff to leave the employment of S. C. and H., and engage in business with C., S. Co.; that the defendant proposed to the plaintiff to pay for his services, as bookkeeper with the firm of Carney, Swift & Co., at $2,000 per annum, until the expiration of the partnership of said firm, which would be three years from the 1st of July, 1855; and after the expiration of said term of the partnership, to give the plaintiff an interest equal to the sum of $5,000 per annum, as a partner in the firm to be formed between the said parties, or to give the plaintiff a salary equal to the sum of $5,000 in the new firm; and that the defendant, then and there, further proposed to give the plaintiff his written individual guaranty, that the terms and conditions so proposed should be performed and carried out if the plaintiff would accept the proposition. Thereupon the plaintiff did accept the proposition, and, afterward, on the 1st of July, 1855, did enter the service and employment of said firm of Carney, Swift & Co., as a bookkeeper, and so continued until the first of July, 1857, when he left, because the said defendant refused to perform his part of the contract. The petition avers that the inducements and promises held out by the defendant were the cause of his leaving his former employment, and that a demand, for performance, on the defendant, has

John O. Smith *v.* Robert B. Bowler.

been frequently made, and as often refused—the defendant denying that any such contract had ever been made.

"The plaintiff charges that the defendant, by means of the said false, fraudulent and deceitful stratagems and devices, has, and did induce the plaintiff to give up his employment, and abandon his prospects of advancement, with the intent to obtain and secure the services of the plaintiff, for himself and his co-partners, and did thereby cheat and defraud the plaintiff ; and that the said defendant did willfully and purposely make the aforesaid false and deceptive promises and inducements to the plaintiff, with the intent and for the purpose of deceiving and defrauding him, well knowing that he did not intend, at any time, to fulfill them. Wherefore, the plaintiff says he has been injured and has suffered damage by reason of the defendant's false and fraudulent conduct, to the amount of $6,000, and he asks judgment therefor, and for such other and further relief as he may be entitled to," etc.

To the petition of the plaintiff the defendant filed a demurrer, on the ground that the facts stated do not constitute a cause of action.

A judgment having been rendered for the defendant, by the judge at special term, the case was brought before the general term upon a petition in error.

*Thos. C. Ware,* for plaintiff in error.

*Geo. H. Pendleton,* for defendant in error.

GHOLSON, J., delivered the opinion of the court.

Looking at the position and acts of the parties at the time of, and connected with, the transaction out of which the controversy grew, there is nothing upon which to predicate a charge of fraud and deceit. The fraud can only be found in the intent of the defendant, as charged in the petition. The only other matter of wrong alleged is the failure to

comply with a promise, and this, in itself, can not be deemed a fraud, unless the proposition be established that an intent not to comply, entertained at the time the promise was made, constitutes a fraud or deceit, giving a right of action. The act of the defendant was the making the promise : if made with intent not to perform, then the act was done with a wrongful or bad intent; but we think it entirely clear that " an act, which does not amount to a legal injury, can not be actionable because it is done with a bad intent." *Stevenson* v. *Newnham*, 13 C. B., 76 E. C. L., 285-297. The intention of a party not to fulfill his promise has never been considered among the fraudulent acts, which, in judgment of law, render a party liable. *Gallager* v. *Brunel*, 6 Cowen, 346, 351. The charging in a petition that an act was done " maliciously," or " fraudulently," will not make such act a proper ground of action, if it be not, in itself, unlawful; nor is it sufficient that the conduct of a defendant be immoral: there must be legal damage resulting. It is on this principle that untrue claims or pretenses sometimes give a cause of action, if followed by a special damage, when without such damage, no action could be maintained. *Leyland* v. *Tancred*, 16 Q. B., 71 E. C. L. 663-678 ; *Cotterell* v. *Jones*, 11 C. B., 73 E. C. L. 713 ; *Feret* v. *Hill*, 15 C. B., 80 E. C. L. 207-222 ; *Bicknell* v. *Dorion*, 16 Pick. 478, 486. Guided by these principles, we think the judge at special term correctly came to the conclusion that, considered as an action for deceit, sufficient facts were not stated in the action upon which it could be maintained.

We were asked by the counsel for the plaintiff to divide the promises alleged to have been made and—it being admitted that those relating to an interest in a partnership, or an increased salary, are obnoxious to the statute of frauds, and, in fact, have not, as yet, been broken—to consider whether an action may not now be sustained for the failure and refusal to give a written guaranty. There are several objections, which, in our opinion, are fatal to any consideration of the case, in that view, favorable to the plaintiff.

John C. Smith *v.* Robert B. Bowler.

If any divison were made, we should be inclined to think that the intention required a principal contract on the part of the firm, and an individual contract of guaranty on the part of one of the partners.   If the defendant, in his individual character, is to be made liable for the default of the firm, his promise to be so liable should be in writing.   It would thus appear that both the principal and the collateral contract are required to be in writing, and, in fact, the proper evidence of neither is obtained.   But, admitting that a guaranty of a contract which, under the statute of frauds, could not be enforced, could itself, be enforced if in writing, does the agreement to reduce it to writing avoid the objection ?   If so, the result would be that cases within the statute of frauds, in every other respect, might be taken out of its provisions by adding to the parol agreement a term that it should be reduced to writing.   The case of a marriage settlement, to which counsel called our attention, will be found to involve a question of fraud—not fraud in making the agreement, but fraud in preventing its being reduced to writing, as agreed by the parties.   2 Story Eq. sec. 768. The same authority shows that, as a general principle, unconnected with fraud, the idea can not be sustained.   Ib. note 4; 2 Brown's Ch. 565.   *Whitchurch* v. *Bevis.*

After a careful examination of the different grounds to sustain his action, presented on the part of the plaintiff, we do not think any of them tenable.   Taking the facts, as stated in the petition, to be true, the conduct of the defendant may have been wrongful and improper, and the plaintiff may have sustained an injury ; but, it appears to us, that the law, in such a case, and, doubtless, for wise and sufficient reasons, furnishes no redress.   After all, the action of the plaintiff aims to escape the effect and operation of a statute, which has often presented to the consideration of courts hard cases, but the wisdom and policy of which has now been sanctioned by time, and can not be questioned.

Judgment affirmed.