PETER O'CALLAGHAN *vs.* MICHAEL CRONAN & another.

Worcester.     October 4. — 10, 1876.   COLT & MORTON, JJ., absent.

Allegations of conspiracy, illegality, falsehood and malice, as to acts complained of in an action of tort, will not support the action, unless either the purpose intended or the means by which it was to be accomplished is shown to be unlawful.

The declaration in an action of tort alleged that the plaintiff's copartner and another conspired to compel him to withdraw from the firm and to dispose of his interest in it to them; and for that end procured creditors of the firm to attach all its stock in trade, and to petition the attaching officer to sell the goods forthwith, representing them to be liable to depreciate in value, whereby the plaintiff was forced to withdraw from the firm. *Held,* upon demurrer, that the declaration disclosed no cause of action.

TORT against Michael Cronan and John Cronan. The declaration was as follows.

" The plaintiff says that on or about August 4, 1870, by articles in writing, duly executed by both parties thereto, he formed a copartnership with John Cronan, one of the defendants, in the business of making clothing and buying and selling ready-made clothing, and by the terms of said articles said copartnership was to continue five years from its date aforesaid, and, at the time of the grievances hereinafter set forth, the said copartnership had a long time, to wit, the period of about two years, to run, and said company had always done and were then doing a large and profitable business, and the plaintiff expected and had reasonable cause to expect that large profits would accrue to him from the continued business of said firm up to the end of said period. And the defendants heretofore, to wit, on or about October 10, 1873, with the unlawful purpose of forcing and compelling the plaintiff to withdraw from said firm and to dispose of his interest therein to them or one of them, unlawfully conspired together to accomplish said unlawful purpose, and in pursuance thereof, by false and malicious representations, and, by other unlawful inducements offered to various creditors of said firm, procured said creditors to attach on several writs all the stock in trade belonging to said firm, and to represent to the attaching officer that said goods so attached were liable greatly to depreciate in value, and to petition said officer to sell said goods forthwith on said writs.   And the plaintiff says that said creditors, by reason of

said false and malicious representations and inducements, did attach all of said goods, and petition for the sale of the same on said several writs as aforesaid; and said defendants, in further pursuance of said unlawful purpose, induced said officer, and said officer threatened to sell all said goods in the lump, whereby the same were liable to be sacrificed and sold for much less than their true value. And the plaintiff says that by said unlawful means he was forced to and did withdraw from said firm against his will, and give up and surrender the large profits he reasonably hoped to make in the prosecution of said business in said firm, and sell and dispose of his interest in said goods for much less than its true value."

Michael Cronan died pending the action; and John Cronan demurred to the declaration on the ground that it set forth no cause of action.

In the Superior Court, the demurrer was sustained, and judgment ordered for the defendant; and the plaintiff appealed to this court.

*H. Fales,* for John Cronan.

*T. G. Kent,* for the plaintiff.

GRAY, C. J. The allegations of conspiracy, illegality, falsehood and malice will not support this action, unless either the purpose intended, or the means by which it was to be accomplished, is shown to be unlawful. *Adler* v. *Fenton,* 24 How. 407. *Bowen* v. *Matheson,* 14 Allen, 499. No such unlawfulness appears upon the face of this declaration. The purpose of compelling the plaintiff to withdraw from the firm was not in itself unlawful; and the means are not shown to be unlawful, for the plaintiff's creditors, upon the allegations in the declaration, had a lawful right to attach his property and to petition the officer to sell the goods attached. The declaration therefore shows no cause of action.                    *Judgment for the defendant.*