ALBERT GROUSTRA *vs.* LUCIO BOURGES.

Suffolk. Nov. 10, 1885. — Jan. 11, 1886. DEVENS & GARDNER, JJ., absent.

A tenant at will cannot maintain an action against his landlord for advising and procuring a person to whom he has given a lease of the premises to eject the tenant; and evidence of the lessee's motives in ejecting the tenant is immaterial.

No exception lies to the refusal of a judge of the Superior Court, in his discretion, to grant a new trial.

TORT. The declaration alleged that, on February 13, 1883, the plaintiff was in the lawful occupation of a store on Fleet Street, in Boston; that, while in such occupation, the defendant, intending to injure him bodily and ruin his business, unlawfully employed several persons to enter his store for the purpose of maltreating him and throwing him and the contents of his store into the street; that several persons so unlawfully employed entered the plaintiff's store, and, in obedience to the request of the defendant, ejected the plaintiff, and removed his goods into the street. The answer contained a general denial; and alleged that, prior to the ejectment of the plaintiff, namely, on February 1, 1883, the defendant had executed a written lease of said store to one John E. Hallett, for the term of one year from said date, and the plaintiff was evicted by Hallett as lessee under said lease.

Trial in the Superior Court, before *Mason*, J., who allowed a bill of exceptions, in substance as follows:

It appeared in evidence, that the defendant was the lessee of a building, of which said store was a part, under a written lease executed to him by one John Drynan, which, at the time of the execution of the lease to Hallett, was in force, and so continued thereafter until the trial; that the plaintiff on, and for several months prior to, February 1, 1883, occupied said store as a tenant of the defendant under an oral lease, by the terms of which the plaintiff paid rent to the defendant on the first day of each month, in advance; that the rent agreed to be paid by the plaintiff had been fully paid up to said February 1; that Hallett gave the plaintiff a written notice to quit, in proper form, but

whether said notice was given on February 1, 1883, (the date of the lease to him,) or on the next day, was in dispute; and that, on February 5, 1883, he, with three or four others, entered the plaintiff's store, ejected him, and removed the contents of the store into the street.

The plaintiff denied the execution of the lease to Hallett, and contended that, notwithstanding a lease might have been executed to Hallett, it was a question of fact for the jury to determine whether Hallett entered the store of the plaintiff under the lease he claimed to have, acting as lessee, or whether he and the men who were with him evicted the plaintiff without regard to the rights of Hallett as lessee, under a contract made with the defendant to evict the plaintiff.

The plaintiff asked Hallett, who was then on the stand testifying as a witness for the defendant, the following questions, which were severally excluded by the judge: "1. What was the contract between you and the defendant at the time the lease was executed to you? 2. How much pay have you received for putting out the plaintiff? 3. Was not the real contract between you and the defendant to put out the plaintiff? 4. Did the defendant pay you any money for ejecting the plaintiff, under a contract made after the execution of the lease? 5. Would you have ejected the plaintiff, if you had not been instigated and incited by the defendant so to do?"

Before the arguments were made, the plaintiff's counsel presented to the judge an affidavit of the plaintiff, stating that the estate in question since 1863 had been the sole property of Ellen Drynan, the wife of said John Drynan, and that he had no interest in it; and asked to be allowed to introduce evidence in support of the facts set forth in the affidavit; but the judge refused to allow the evidence to be admitted. After a verdict for the defendant, the plaintiff, within the time allowed by statute, filed a motion for a new trial, on the ground of newly discovered evidence, and, on the hearing of the motion, the plaintiff's counsel again introduced the affidavit of the plaintiff, and also that of one Hemenway and one sworn to by himself, both of which were to the same effect as that of the plaintiff; and also called as a witness John Drynan, who testified that he did not, at the time he executed the lease to the defendant, or since, own the

premises occupied by the plaintiff, nor did he have at the time, or since, any interest therein as lessee or otherwise; and that the estate was then owned, and had been so owned since 1863, by Ellen Drynan, his wife. Upon the testimony of Drynan and the said affidavits, the plaintiff contended, that, as matter of law, he was entitled to a new trial. But the judge ruled otherwise, and overruled the motion for a new trial; and the plaintiff alleged exceptions.

*G. W. McConnell*, for the plaintiff.

No counsel appeared for the defendant.

MORTON, C. J. The plaintiff occupied his store as the tenant at will of the defendant. The defendant had the legal right to terminate this tenancy by giving a lease to Hallett, and, after the lease was given, Hallett had the legal right, after due notice, to eject the plaintiff in a peaceable manner. It is immaterial what his motives were. An action cannot be maintained against him, or against any person acting with him, or advising and procuring him to act, unless either the act complained of, or the means by which it was accomplished, are shown to be unlawful. *O'Callaghan* v. *Cronan*, 121 Mass. 114. The plaintiff cannot maintain this action against the defendant for advising and procuring Hallett to assert and enforce his legal rights, even if the defendant was actuated by malice, because the plaintiff's rights are not invaded, and he sustains no legal injury. The evidence offered by the plaintiff, and excluded by the court, was therefore immaterial.

The motion for a new trial was addressed to the discretion of the Superior Court. The bill of exceptions does not show that the presiding judge ruled upon any question of law; but only that, upon the evidence before him, he in his discretion refused a new trial. No exception lies to this exercise of his discretion. *Behan* v. *Williams*, 123 Mass. 366. *Exceptions overruled.*