EDWARD G. DEWOLFE *vs.* CARRIE A. ROBERTS & others.

Middlesex.    February 5, 1918. — February 27, 1918.

.Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Conspiracy. Landlord and Tenant,* Tenancy at will. *Summary Process. Evidence,* Materiality. *Practice, Civil,* Exceptions.

In an action by a physician for an alleged unlawful conspiracy to injure the plaintiff by evicting him from the house in which he lived and had his office as a tenant at will of one of the defendants, the defendants other than the landlord were a constable to whom the landlord made a lease to terminate the plaintiff's tenancy at will and a real estate agent who obtained tenants for the defendant landlord. The plaintiff owed rent to the defendant landlord. The landlord was one of the owners of the house, who had authority to make the lease to the constable. The constable brought a summary process under R. L. c. 181, § 1, and obtained a judgment for the possession of the house. *Held,* that there was no evidence for the jury that the defendants conspired to do any unlawful act or do any lawful act by unlawful means.

In the above described case it was *pointed out* that the defendant landlord had a right to terminate the plaintiff's tenancy upon the advice and .with the assistance of the other defendants, that the landlord's motive in exercising this right was immaterial and that it did not matter whether he terminated the tenancy because of ill will toward the plaintiff or merely because the plaintiff had failed to pay the rent that was due.

In the case above described it also was *held* that questions addressed to the defendant landlord as to whether he intended that the constable should occupy the premises and whether he had agreed to let the house to another person when the plaintiff had moved out properly were excluded as immaterial, and also that a question addressed to the defendant constable as to whether in an action brought by him against the present plaintiff for rent he had testified that the lease was a "cover" lease and that "we did not want [the present plaintiff] to know" was excluded properly, it having no tendency to prove the conspiracy alleged.

In the same case it was *pointed out* that, as a verdict for the plaintiff would not have been warranted, the exclusion of evidence relating to damages was immaterial.

TORT by a physician against Carrie A. Roberts, in control of a two-family house numbered 629 on Main Street in Malden,

Charles M. Josselyn, a real estate agent, and Frank A. McAllister, a constable, alleging a conspiracy to injure the plaintiff by evicting the plaintiff from the lower tenement of the house, where he lived with his wife and had an office for practising medicine, the declaration being described further in the opinion. Writ dated September 19, 1916.

In the Superior Court the case was tried before *Morton,* J. The material facts shown by the evidence are stated in the opinion. At the close of the evidence the judge ordered a verdict for the defendants; and the plaintiff alleged exceptions, including certain exceptions to the exclusion of evidence which are mentioned in the opinion.

*J. L. Sheehan, (F. W. Miller, Jr.,* with him,) for the plaintiff.

*A. P. Stone,* for the defendants.

CROSBY, J. In September, 1915, and for about three years previously, the plaintiff occupied as a tenant at will a tenement owned in part by the defendant Roberts. From February, 1915, up to September 7 following, the rent due from the plaintiff was in arrears; and on the latter date the defendant Roberts, for the purpose of terminating the tenancy, executed a lease in writing to the defendant McAllister, who was a constable. McAllister served a notice on the plaintiff to vacate the premises, and afterwards brought a summary process under R. L. c. 181, § 1, and obtained judgment against him for possession; the plaintiff vacated the premises the day before execution for possession was issued.

The defendant Josselyn was a real estate agent who secured tenants for the defendant Roberts at different times.

The plaintiff's declaration is in three counts, each of which in substance alleges that the defendants conspired to injure him by evicting him from the house in which he lived and had his office.

The plaintiff contends that the second count is a count for malicious prosecution. While it contains some allegations appropriate for such a count, it is apparent that it is founded upon an alleged conspiracy entered into by the defendants to evict him from the tenement. The declaration states that all the counts are for one and the same cause of action; and there is nothing in the record to show that it was not treated as an action for conspiracy rather than an action for malicious prosecution. If the second count could be regarded as alleging a malicious prosecution,

we do not mean to intimate that there was evidence sufficient to warrant a verdict for the plaintiff.

An allegation of conspiracy will not support this action unless the purpose intended or the means by which it was to be accomplished are tortious. *Bowen* v. *Matheson,* 14 Allen, 499. *O'Callaghan* v. *Cronan,* 121 Mass. 114. *Groustra* v. *Bourges,* 141 Mass. 7.

The allegation of conspiracy is not the gist of the action and the right to recovery must rest upon damages wrongfully inflicted by tortious acts of the defendants, either as the end intended or the means adopted to accomplish an end. *Parker* v. *Huntington,* 2 Gray, 124, 127. . *Gurney* v. *Tenney,* 197 Mass. 457, 465.

A careful examination of the evidence shows that a finding that there was a conspiracy between the defendants to eject the plaintiff from the premises would not have been warranted. The defendant Roberts, as one of the owners, had a right to lease the premises to McAllister for the purpose of terminating the plaintiff's tenancy, and it is unimportant whether she did it because of ill will toward him or because he had failed to pay the rent due; her motives were immaterial. She could terminate the tenancy upon the advice and with the assistance of the other defendants without liability to the plaintiff if the means by which it was accomplished are not shown to be unlawful. The undisputed facts are that, while the plaintiff as a tenant at will was owing her rent, the defendant Roberts executed the lease in question to McAllister — as she had a right to do — and that the latter resorted only to proper legal processes to obtain possession of the premises. Under these circumstances, the presiding judge rightly directed the jury to return a verdict for the defendants. If the purpose of the defendant Roberts was to terminate the plaintiff's tenancy because she believed he had been circulating stories about her (even if she were mistaken in that belief), such purpose would not be evidence of a conspiracy, in the absence of evidence that it was sought to be accomplished by unlawful means. *Groustra* v. *Bourges, supra. Plant* v. *Woods,* 176 Mass. 492, 499. *Beach & Clarridge Co.* v. *American Steam Gauge & Valve Manuf. Co.* 202 Mass. 177, 184. The testimony in regard to the conversation between the defendant Roberts and the witnesses Richards and Black would not warrant a finding that the defendants had entered into a conspiracy to eject the plaintiff from the premises.

The action brought by McAllister against this plaintiff in 1916 upon a claim for rent was brought, so far as the record shows, without any knowledge on the part of either the defendant Josselyn or the defendant Roberts and was not evidence of a conspiracy.

The exceptions to the exclusion of evidence may be disposed of briefly. The question to the defendant Roberts as to whether she intended that McAllister should occupy the premises, was immaterial; she had the legal right to lease the premises to him even if her sole purpose was to terminate the tenancy of the plaintiff. *Groustra* v. *Bourges, supra. Curtis* v. *Galvin,* 1 Allen, 215. *Pratt* v. *Farrar,* 10 Allen, 519. The question to the defendant Roberts as to whether she had agreed to let the house to another person when the plaintiff moved out also was rightly excluded as immaterial. The question to the defendant McAllister as to whether he had testified in the action for rent brought by him against this plaintiff in 1916, that the lease was a "cover" lease and that "we did not want Dr. DeWolfe to know" was properly excluded; it had no tendency to prove a conspiracy.

The other exceptions to the exclusion of evidence related to damages, — the evidence was inadmissible; besides, as a verdict for the plaintiff would not have been warranted those exceptions have become immaterial.

*Exceptions overruled.*