FRANK E. BERMAN *vs.* CHARLES W. ROWELL.

SAME *vs.* FRED HOLDSWORTH & another.

SAME *vs.* SAME.

SAME *vs.* FRED HOLDSWORTH & others.

Suffolk.    October 7, 1930. — January 28, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, SANDERSON, & FIELD, JJ.

*Landlord and Tenant,* Construction of lease, Tenancy at will.  *Actionable Tort.  Conspiracy.*

One who held the title to real estate for the benefit of a broker, who was the real party in interest, executed with a tenant an instrument under seal entitled "Tenancy at Will," which described him as the "Landlord" and provided for a monthly rent payable by weekly instalments in advance; that either the landlord or the tenant might terminate the tenancy thirty days from the first day of any month "provided written notice of intention so to do shall have been given to the other prior to such rent day"; and that the lease should "not be terminated by the Landlord as above provided unless a tenant is obtained for this space who is willing to take a lease on the same basis as other stores in the block owned by the Landlord."  On September 29, the landlord executed to a new tenant a lease for a term to begin November 1 at a rental less per square foot of space than that of other stores in the block owned by the landlord and caused notice thereof and a notice to quit to be served on the first tenant.  At the trial of an action by the first tenant against the landlord for breach of the covenant restricting the right of the landlord to terminate the lease, the judge ruled that the instrument created a tenancy at will which was terminated by the lease to the second tenant, "if not by the notice to quit in thirty days given directly to the plaintiff," and ordered a verdict for the defendant.  *Held,* that

(1) The instrument conveyed an estate at the will of both parties;

(2) Though the instrument conveyed only an estate at will, the plaintiff had contractual rights under the landlord's agreement that the lease should not be terminated by him by a thirty days' notice unless a tenant was "obtained . . . willing to take a lease on the same basis as other stores in the block";

(3) Termination of the tenancy by the lease to the second tenant was not a breach of the defendant's covenant;

(4) A finding, however, was warranted that the defendant, before the tenancy to the second tenant began, terminated the tenancy at

will by thirty days' written notice and thereby broke his contract not to terminate the tenancy in that manner unless a tenant was "obtained . . . willing to take a lease on the same basis as other stores in the block," and a verdict should not have been ordered for the defendant;

(5) Whether the plaintiff had suffered damage by such breach of the covenant as to termination by notice was not raised on the record.

The agreement by the landlord, not to terminate the tenancy by notice unless a tenant was "obtained . . . willing to take a lease on the same basis as other stores in the block," was not to be interpreted as changing the *quantum* of the estate conveyed; and, since the instrument created a tenancy expressly terminable at the will of either party, it was not necessary to determine whether the rule of Lord Coke, that, when a lease is made to hold at the will of the lessee, it must also be at the will of the lessor, extends to a case where, according to the terms of the instrument, though the estate could be terminated at the will of one party, its duration was fixed as against the other party, or beyond the facts of the cases where it has been applied in this Commonwealth, namely, where the tenancy was expressly at the will of one party and its duration as against the other party was left to implication.

The plaintiff in the circumstances above described also brought an action of contract jointly against brokers, one of whom was the person for whose benefit the landlord held the title to the premises, at the trial of which the judge ordered a verdict for the defendants. *Held*, that such verdict rightly was ordered, the instrument being under seal and the defendants not being parties to it.

The plaintiff in the circumstances above described also brought an action of tort against the brokers for inducing the landlord to break his covenant, and an action of tort against the brokers and the landlord for conspiring to cause the lease to be terminated and the plaintiff to be deprived of the premises unlawfully and in violation of said covenant. There was evidence that, after the lease to the second tenant and the giving of the notices by the landlord to the plaintiff, the broker for whose benefit the landlord held title "appeared at the plaintiff's store and told the plaintiff that if he did not get out in compliance with the terms of the notice, he would 'throw' him out." There was no other evidence of conduct on the part of the defendants other than the landlord, and verdicts were ordered for the defendants. *Held*, that the verdicts rightly were ordered.

CONTRACT by one named in the instrument described in the opinion as "Tenant," against Charles W. Rowell, named therein as "Landlord," with a declaration in two counts, the first count containing an allegation that the defendant caused the plaintiff to be ousted from the leased premises in violation of a covenant reading, "This lease shall not be terminated by the landlord as above provided

unless a tenant is obtained for this space who is willing to take a lease on the same basis as other stores in the block owned by the landlord." The second count contained allegations that the lease was "to run until such time as the defendant obtained a tenant for the premises on the same basis as the other stores in the block owned by the landlord; that on or before November 1, 1926, the defendant obtained a tenant for said premises not on the same basis as other stores in the block; that as a result thereof, the defendant forced the plaintiff to be ousted from the premises in spite of the plaintiff's protests." Writ dated November 4, 1926. Also an action of

CONTRACT against Fred Holdsworth and Robert D. Farrington, doing business under the name and style of Holdsworth and Farrington, with a declaration containing allegations in substance that the defendants were renting agents and real estate brokers; that they procured the lease described in the opinion to be made by their employee, Rowell, with the plaintiff, and, as a result of their influence, efforts and activities, Rowell broke the covenant in the lease above described by the leasing to Washington Jewelry Company in violation of the covenant. Writ dated November 4, 1926. Also an action of

TORT against Holdsworth and Farrington, alleging that the defendants themselves and through their agent Rowell caused their violation of the lease and the letting to Washington Jewelry Company and an unlawful ouster of the plaintiff. Writ dated November 4, 1926. Also an action of

TORT against Holdsworth, Farrington and Rowell with a declaration in substance alleging the carrying out of the same alleged unlawful acts through a conspiracy. Writ dated November 4, 1926.

The four actions were tried together in the Superior Court before *McLaughlin*, J. Material evidence and rulings by the judge are stated in the opinion. Verdicts for all the defendants were ordered and the judge reported the actions for determination by this court.

*R. B. Heavens*, for the plaintiff.

*H. L. Michaels*, for the defendants.

FIELD, J. These four actions, two in contract and two in tort, were brought by the plaintiff to recover damages alleged to have been sustained by him in consequence of the breach of a covenant, contained in an instrument of lease of certain real estate in Boston, purporting to restrict the landlord's right to terminate the lease. One action of contract was brought against the defendant Rowell, and one against the defendants Holdsworth and Farrington, for breach of such covenant. One action of tort was brought against the defendants Holdsworth and Farrington for inducing the defendant Rowell to break such covenant, and the other against the defendants Holdsworth, Farrington and Rowell for conspiring to cause the lease to be terminated and the plaintiff to be deprived of the premises unlawfully and in violation of said covenant.

At the trial before a judge and a jury the plaintiff testified that, in 1926, he negotiated with the defendant Farrington, in his office, for a lease of the premises in question, title to which stood in the name of the defendant Rowell, but was held by him for the benefit of the defendant Farrington, as the real party in interest, and that an instrument of lease was executed. This instrument, which was dated April 1, 1926, and entitled, "Tenancy at Will," was introduced in evidence. It was executed under seal by the plaintiff and the defendant Rowell and provided in part as follows: " Frank E. Berman, of Boston, Mass., (hereinafter called the Tenant) hereby hires of Charles W. Rowell, of Brookline, Mass., (hereinafter called the Landlord) " the premises in question. " The Tenant agrees to pay rent therefor at the office of the Landlord from the fifth day of April, 1926 at the rate of Five hundred . . . dollars monthly payable in installments of $125.00 per week in advance, which are not to exceed the $500. in any month. . . . Either the Landlord or the Tenant may terminate this tenancy 30 days from the first day of any month, provided written notice of intention so to do shall have been given to the other prior to such rent day . . . also, this agreement is

on condition that, if the Tenant fails to perform any of the agreements herein, the Landlord may immediately or at any time thereafter without demand or notice enter upon the premises, terminate the tenancy and repossess the premises as of the Landlord's former estate . . . . The Tenant agrees, in case of termination by notice as aforesaid, to pay to the Landlord rent at the rate hereinbefore reserved to the date of such termination or to the date said premises are yielded up to the Landlord . . . if later than the date of such termination, and in case of termination for breach of condition as hereinbefore provided or under the provisions of statute, the Tenant agrees to pay forthwith to the Landlord as liquidated damages a sum equal to the rent which would have been due at the next rent day succeeding such termination . . . . This lease shall not be terminated by the Landlord as above provided unless a tenant is obtained for this space who is willing to take a lease on the same basis as other stores in the block owned by the Landlord."

There was evidence that the plaintiff " entered the premises, the rent starting on Monday, April 5, 1926," that " On or about September 29, 1926, said Charles W. Rowell, in whose name the property stood, executed a lease of the premises to the Washington Jewelry Company, the term of which was to commence November 1, 1926, and caused notice of this lease and a notice to quit to be served upon the plaintiff " — it was agreed that the " sufficiency and efficacy of these notices . . . [were] not in question if the instrument . . . actually created a tenancy at will " — that in said lease " the rental price agreed upon was less per square foot of space than that of other stores in the block owned by the landlord," that a few days after the receipt of the notices the defendant " Farrington . . . appeared at the plaintiff's store and told the plaintiff that if he did not get out in compliance with the terms of the notice, he would 'throw' him out." There was evidence also that, on November 1, 1926, the Washington Jewelry Company delivered a notice to quit and the premises were vacated.

After the plaintiff had rested, the defendants moved for directed verdicts in their favor. The trial judge stated as his ruling "that the written instrument entitled 'Tenancy at Will' . . . created no more than a tenancy at will and that such tenancy was terminated by the lease given by the defendant Rowell to the Washington Jewelry Company, if not by the notice to quit in thirty days given directly to the plaintiff," ordered a verdict for the defendants in each case and reported the cases to this court, "the verdicts to stand and judgment to be entered for the defendants if . . . [the] ruling and direction to the jury were right," but, if "the cases should have been submitted to the jury," they are "to stand for trial."

It is not contended that the tenancy was not terminated if the lease "created no more than a tenancy at will" or that the tenancy created was not at the will of the tenant.

The plaintiff contends that the ruling and direction of the trial judge were wrong since, though the tenancy was at the will of the tenant, it was not at the will of the landlord and by express provision in the instrument could not be terminated by him unless a tenant was "obtained for this space . . . willing to take a lease on the same basis as other stores in the block owned by the Landlord" and the evidence warranted a finding that such a tenant was not obtained. The defendants reply that, in spite of the language of the instrument, relied on by the plaintiff, the tenancy was at the will of both parties, according to a principle which goes back to Co. Lit. § 55a, of which Chief Justice Shaw said, in *Cheever* v. *Pearson*, 16 Pick. 266, 272, "the rule is settled, and has been unquestioned from Lord Coke's time to the present, that every lease at will must, in law, be at the will of both parties. Therefore when a lease is made to hold at the will of the lessee, it must also be at the will of the lessor," and of which it was said recently in *Foley* v. *Gamester*, 271 Mass. 55, 56–57, "In this Commonwealth . . . we consider it to be settled that where the lessee is not bound for any definite period and is at liberty at any time to terminate the tenancy, the estate is not a term of

certain duration, and as the lessee is not bound to remain for any definite period, the landlord is not prevented from ending the relation." See also *Murray* v. *Cherrington,* 99 Mass. 229; *O'Reilly* v. *Frye,* 263 Mass. 318.

The trial judge was right in ruling that the instrument "created no more than a tenancy at will." An instrument of lease, whether or not a conveyance within the meaning of some statutes, is in the nature of a conveyance as well as of a contract. The instrument here in question conveyed an estate at the will of both parties. The estate conveyed was characterized by the instrument as a "Tenancy at Will." The instrument provided expressly for its termination by the landlord, as well as by the tenant, upon thirty days' notice. That the landlord had such power of termination was recognized by his agreement that he would exercise the power only under certain conditions. This agreement purported to limit the landlord's right to terminate the tenancy by thirty days' notice. (Whether it purported to limit his right to terminate the tenancy "for breach of condition . . . or under the provisions of statute" is not now material.) It did not purport to limit the landlord's right to terminate the tenancy indirectly by leasing the premises to another tenant. See *Howard* v. *Merriam,* 5 Cush. 563, 573–575; *DeWolfe* v. *Roberts,* 229 Mass. 410. Whatever the effect of this agreement as a contract or covenant, it is not to be interpreted as changing the *quantum* of the estate conveyed. Consequently, we need not determine whether Lord Coke's rule extends to a case where, according to the terms of the instrument, though the estate could be terminated at the will of one party, its duration was fixed as against the other party. Compare *In re Threlfall,* 16 Ch. D. 274. In the cases in this Commonwealth, cited above, in which the rule was applied, the tenancy was expressly at the will of one party and its duration as against the other party was left to implication.

Though the instrument conveyed only an estate at will, the plaintiff had contractual rights under the landlord's agreement that the lease should not be terminated by him

by a thirty days' notice unless a tenant was "obtained
. . . willing to take a lease on the same basis as other
stores in the block." The instrument was under seal and,
moreover, there was consideration for the landlord's prom-
ise. No rule of law prevents giving effect to this express
agreement of the parties. It is not repugnant to the
provisions of the instrument creating a tenancy at will,
but is within the principle, applicable to such a tenancy,
"that the parties may agree between themselves as to the
time and manner in which the tenancy may be termi-
nated." *Davis* v. *Murphy,* 126 Mass. 143, 145. See *Lyon*
v. *Cunningham,* 136 Mass. 532, 541.

It follows from what has been said that the ruling of
the trial judge that the " tenancy was terminated by the
lease given by the defendant Rowell to the Washington
Jewelry Company, if not by the notice to quit in thirty
days given directly to the plaintiff," was correct and that
such termination of the tenancy by lease would not be a
breach of the landlord's agreement.

It was error, however, to direct a verdict for the de-
fendant in the action of contract against the defendant
Rowell. It could have been found that this defendant ter-
minated the tenancy at will by thirty days' written notice
and thereby broke his contract not to terminate the ten-
ancy in that manner unless a tenant was " obtained . . .
willing to take a lease on the same basis as other stores
in the block." There was evidence that such a notice to
terminate was given on or about September 29, 1926. By
the terms of the instrument of lease the tenancy would ter-
minate " thirty days from the first day " of the following
month, that is, on October 31, 1926. *Bemis* v. *Leonard,*
118 Mass. 502. The tenancy had not then been termi-
nated by the lease to the Washington Jewelry Company,
which created a tenancy beginning on the following day.
No question is before us on this record as to the damages,
if any, which the plaintiff suffered from breach of contract
by the defendant Rowell.

A verdict for the defendants was directed rightly in the
action of contract against the defendants Holdsworth and

Farrington. They were not parties to the instrument of lease. They could not be sued upon it as an instrument under seal and the seals cannot be disregarded in order to charge them. *Seretto* v. *Schell*, 247 Mass. 173, 176, and cases cited. Moreover, there was no evidence whatever connecting the defendant Holdsworth with the property. Verdicts also were directed rightly in the actions of tort. There was no evidence that the defendants Farrington and Holdsworth induced the defendant Rowell to break his contract or to terminate the lease in an illegal manner, or that the three defendants conspired to terminate the tenancy or deprive the plaintiff of the premises in violation of the agreement of the defendant Rowell or otherwise unlawfully. The defendant Rowell had a right to terminate the tenancy, even if that was his sole purpose, by leasing the premises to another tenant, and an action for conspiracy to accomplish this purpose by lawful means will not lie. *Groustra* v. *Bourges*, 141 Mass. 7, 9. *DeWolfe* v. *Roberts*, 229 Mass. 410, 412–413.

In accordance with the terms of the report, the action of contract against the defendant Rowell is to stand for trial, but in the other actions the verdicts are to stand and judgments are to be entered for the defendants.

*So ordered.*