GEORGE A. CORNET *vs.* LINCOLN REALTY CORPORATION OF LYNN & others.

Essex.   April 4, 1934. — June 4, 1934.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & LUMMUS, JJ.

*Equity Jurisdiction*, To enjoin termination of tenancy at will.  *Landlord and Tenant*, Tenancy at will: termination.

It was orally agreed between the owner of a business building and one to whom he was indebted for services in its construction that, in consideration of the creditor's waiving payment of the debt in cash and his right to share in a certain fund, he should be allowed to pay, as it accrued, the rent for an office in the building which he then was occupying and which he had equipped for his own use at substantial expense, by applying the rent to the debt.  Such agreement did not provide for the giving of a lease to the creditor nor fix the period during which he should remain in possession of the office.  After he had continued in possession as a tenant at will for a substantial period, the owner gave a lease of the office to a third person, who notified the creditor thereof, intending merely to dispossess the creditor and then to cancel the lease.  In a suit in equity by the creditor to have the lease cancelled, to have the owner and the lessee enjoined from interfering with the plaintiff's tenancy, and to have the owner's indebtedness to him established, it was *held*, that

(1) There having been no agreement as to how long the plaintiff should continue in possession of the office, the circumstance, that the plaintiff had equipped it for his own use at substantial expense, was immaterial;

(2) The owner was entitled to terminate the plaintiff's tenancy at will by any lawful method whereby such a tenancy may be terminated;

(3) The giving of the lease to the third person was a lawful method of terminating the plaintiff's tenancy at will;

(4) No ground appeared for giving the plaintiff equitable relief against the owner's resorting to such method;

(5) The plaintiff was entitled only to have the owner's indebtedness to him established.

BILL IN EQUITY, filed in the Superior Court on November 6, 1933, against Lincoln Realty Corporation of Lynn, M. William Fleishman and Cambridge Savings Bank, and afterwards amended, described in the opinion.

The suit was heard by *Gray*, J.   Material findings and rulings by him are stated in the opinion.

After an amendment of the bill adding a prayer that the indebtedness of the defendant Lincoln Realty Corporation of Lynn to the plaintiff be established, a final decree was entered by order of the judge adjudging that the lease given by the defendant Lincoln Realty Corporation of Lynn to the defendant Fleishman terminated the plaintiff's tenancy and, "upon notice of said lease given to the plaintiff on November 3, 1933, he became a mere tenant at sufferance," and that the defendant Fleishman was entitled to immediate possession of the suite of offices occupied by the plaintiff; establishing the indebtedness of the defendant Lincoln Realty Corporation of Lynn to the plaintiff and ordering the issuance of execution therefor; and otherwise dismissing the bill.

The plaintiff appealed.

*I. Block*, for the plaintiff.

No argument nor brief for the defendants.

PIERCE, J.   This is a suit in equity wherein the plaintiff seeks specific performance of an oral agreement to give him a lease of a suite of offices occupied by him in the Hotel Edison building in Lynn, Massachusetts, and the cancellation of a lease of said suite executed and delivered by the defendant corporation to the defendant Fleishman. The plaintiff also seeks an injunction against the defendants to restrain them from interfering with his tenancy, and prays "that the court establish the amount due from the defendant Lincoln Realty Corporation of Lynn to the plaintiff.

The record discloses the following facts: On July 23, 1931, the plaintiff was employed by the defendant corporation to draft plans and specifications for, and to supervise the erection and construction of, the Hotel Edison building. He was to receive as compensation for his services six per cent of the total cost of said building when completed. The judge found the amount due the plaintiff on January 24, 1934, the date of the order for final decree, was $5,420. Before beginning construction of said building it was agreed between the plaintiff and the defendant corporation that the plaintiff was to be a tenant of said building when constructed, but there was no "agreement as to the terms of the proposed lease." On

May 1, 1932, the plaintiff became a tenant of the defendant corporation at a monthly rental of $50. In expectation of becoming a lessee the plaintiff spent a substantial amount of his own money in equipping the office for his own needs.

On July 24, 1931, the defendant Cambridge Savings Bank made a construction loan of $180,000 to the defendant corporation, secured by a construction mortgage on the Hotel Edison building. A list of tenants who were represented as having taken or agreed to take leases was furnished the savings bank in July, 1931, by one who was employed by the bank to investigate the property. This list was furnished after consultation with both the plaintiff and the representative of the defendant Lincoln Realty Corporation of Lynn, and contained the plaintiff's name as a lessee at $150 per month instead of $50, the only figure agreed upon. The bank furnished the construction mortgage of $180,000 in reliance upon this list of lessees. The trial judge in his finding of material facts said: "In my view of the case it is not necessary to determine and in the absence of the evidence of the bank's agent it is not possible to determine who were the guilty parties to this fraud on the bank." The defendant corporation in furnishing the savings bank with written reports of rental payments credited the plaintiff with payments of $50 per month beginning May 1, 1932. No statements for rent were sent to the plaintiff.

In July, 1932, the defendant corporation was expecting to receive the final payment from the construction mortgagee. The amount expected was not sufficient to pay in full all outstanding claims of those who had helped construct the building. At a meeting of creditors held about July 20, 1932, an agreement was made which could not be carried out because the construction mortgagee deducted from the payment approximately $3,000 for taxes. There was due the plaintiff at this time a cash payment of $3,100. When he arrived at the meeting he was told by the attorney for the Lincoln Realty Corporation of Lynn that the corporation lacked the sum of $3,700 to pay the creditors in accordance with the agreement. The plaintiff thereupon stated, in sub-

stance, that he believed that the building would pay and that he would waive his cash payment of $3,100 and his right to participate in the fund. The agreement was then carried into effect and the other creditors received their money. "As consideration for this waiver it was agreed by the plaintiff and defendant that the plaintiff would pay his rent for the offices above mentioned as it accrued by applying it to the balance of his indebtedness. Nothing was then said about a lease and there was then no agreement oral or otherwise as to how long the plaintiff should continue in possession. The parties were then friendly and made no effort to define their rights more definitely. The plaintiff therefore continued in possession as a tenant at will only but with the right to pay his rent in the manner already outlined so long as the tenancy continued."

The trial judge ruled on the facts found that nothing prevented the defendant from terminating the tenancy in any manner in which a tenancy at will can be terminated. On July 27, 1933, the defendant corporation gave the plaintiff notice to quit for the nonpayment of rent and thereafter brought a summary process in the District Court to eject the plaintiff. This proceeding was denied rightly on the ground that the agreement as to the payment of rent was valid and, consequently, no rent was due when the notice to quit was served on the plaintiff. The defendant corporation on November 3, 1933, gave a lease of the premises above described and occupied by the plaintiff to the defendant Fleishman for the term of one year. Fleishman duly caused notice thereof to be served on the plaintiff. On the above facts the trial judge found and ruled as follows: "Of course, Fleishman never intended to occupy the premises himself and intended after taking possession of the premises and dispossessing the plaintiff to cancel his lease, but that is true of every lease given under such circumstances and for such a purpose. The lease, nevertheless, is at law held valid as against the tenant in possession. Since on the findings herein made the defendant had all the rights of any owner to terminate the plaintiff's

tenancy at will, he could legally resort to this method at law and on the facts found there is no ground for equitable interference with the legal rights. The defendant Cambridge Savings Bank at no time had knowledge of any proposal to lease the offices to the plaintiff at $50 per month. The question of the amount due from the defendant to the plaintiff appears to have been fully tried and leave is given to the plaintiff to file an amendment requesting the establishment of this debt. If there is opposition to the allowance of the amendment the court will hear the parties on that question in Suffolk County. If the amendment is allowed the court will fix the amount to be inserted in the final decree, which is to dismiss all other prayers for relief."

On the fact that there was no agreement as to how long the plaintiff should continue in possession of the premises, the ruling was right that it was immaterial that the plaintiff had spent a substantial amount of his own money in equipping the office for his own needs. In this connection it is to be noted that the mortgage title of the Cambridge Savings Bank was in force before the plaintiff became a tenant at will of the defendant corporation and that the savings bank was without knowledge of the agreement as to rent between the defendant and the plaintiff. The plaintiff has no ground for equitable relief based on the mere fact that the defendant corporation used the legal means of terminating a tenancy at will by a conveyance of the premises. *DeWolfe* v. *Roberts*, 229 Mass. 410. *Foley* v. *Gamester*, 271 Mass. 55, 56, 57. *Berman* v. *Rowell*, 274 Mass. 260, 265.

*Decree affirmed with costs.*