KENISTON, C. J.
This is an action óf controversy to recover $40 for the use and occupation of *[71] the premises occupied by the defendant at 51 Friend Street, Boston, for the month of December 1950.
There was evidence from which it could be found that the defendant occupied the premises at 51 Friend Street, as a tenant at will of the plaintiff and that he had paid the rent for November 1950; that on November 22, 1950, the plaintiff executed and delivered to one Sacchetti a written lease of the premises occupied by the defendant, which lease provided that Sacchetti, the lessee, was “TO HAVE AND TO HOLD the premises hereby demised unto the Lessee for a term of ten years beginning with the day following the day on which the demised premises shall be free from tenants and occupants unless sooner terminated as herein provided.” That on November 27, 1950, the plaintiffs sent a notice in writing to terminate the tenancy “at the expiration of that month of your tenancy which shall begin next after this date”; that the defendant did quit and deliver up the premises on December 27th or 28th and that at no time between November 10, 1950, and December 31, 1950, did the defendant have notice from the plaintiffs or knowledge of the giving of the lease. The monthly rental was $40 and the rent for December has not been paid.
The defendant seasonably filed requests for rulings which with the court’s action thereon are as follows:
1. Upon all the evidence the plaintiffs are not entitled to recover.
No.
2. A lease given by a landlord terminates the tenancy at will. Michael Chevrolet, Inc. v. Ins’t for Savings, 321 Mass. 215, 219; Cornet v. Lincoln Realty Corp., 297 Mass. 260.
Yes, provided leasehold commences before tenancy is terminated. I find that this lease was not to be effective until deft, moved.
3. The delivery- of the written lease by the plaintiffs to Domenico Sacchetti of the premises occupied by the defendant, dated November 20, 1950, terminated the tenancy at will of the defendant even though the lease is to take effect in future and the plaintiffs cannot recover.
*[72] No. I find that deft, was not disturbed in his possession until end of December.
4. The said written lease conveyed to Domenic Sac'chetti, lessee thereunder, the legal seizen and present interest in the premises occupied by the defendant, and the right to the actual possession thereof, and the plaintiffs are not entitled to recover.
No. Under lease the lessee was not entitled to possession until defendant had vacated.
5. Upon all the evidence the Court is warranted to find and rule that the said written lease given by the plaintiffs to Domenico Sacchetti, lessee thereunder, dated November 20, 1950, terminated the defendant’s tenancy at will; that the defendant became a tenant at sufferance by reason of such conveyance of which he had no notice or knowledge; and that the defendant is not liable to the plaintiffs for use and occupation under G. L. (Ter. Ed.) Chapter 186, Sec. 3. Jones v. Donnelly, 221 Mass. 213, at 216; Dixon v. Smith, 181 Mass. 218, at 221.
No. I rule that lessee’s term did not commence until defendant vacated. See 321 Mass. 215 at 219.
6. The title of the plaintiffs under which the defendant occupied said premises was determined by the voluntary transfer of the reversion and the defendant thereupon became a tenant at sufferance. Gavin v. Durden Coleman Lumber Co., 229 Mass. 576, at 578 bottom.
No. I find that lease did not become effective until defendant moved.
7. Upon all the evidence the Court is warranted to find and rule that the provision in said written lease “beginning with the day following the day on which the demised premises shall be free from tenants and occupants” did not operate to suspend the said lease and prevent the determination of the defendant’s tenancy at will and that the plaintiffs are not entitled to recover. Pratt v. Farrar, 10 Allen, 519, at 521.
No. It did not suspend lease. It merely determined when lease became effective.
8. Upon all the evidence the Court is warranted to find and rule that the notice to terminate the tenancy give'n by the plaintiffs to the defendant, dated *[73] November 29, 1950, was invalid and of no effect in that the tenancy of the defendant had already been terminated by the execution and delivery of said written lease for the term of ten years and that the plaintiffs are not entitled to recover.
No. See 2, 3 and 4.
The court found for the plaintiff in the sum of $40.
While the defendant claims to be aggrieved by the “rulings and refusals to rule,” the only contention urged by him in his brief and oral argument is that the execution and delivery of the lease by the plaintiff to the third party on November 27, 1950, terminated the lease even though the term of the lease was not to commence until “the day following the day on which the demised premises shall be free from tenants and occupants,” and that the defendant having received no notice of the lease is not liable for the rent after the giving of the lease.
A tenancy at will is terminated by a lease for years given by the landlord to a third party. Pratt v. Farrar, 10 Allen 519; Furlong v. Leary, 8 Cush. 409; Groustra v. Bourges, 141 Mass. 7; Mentzer v. Hudson Savings Bank, 197 Mass. 325 to 330.
It is no objection to a lease that the term of the lease is to commence in the future whether on a day certain. Hall, Landlord and Tenant, 4th Ed. sec. 17. Weed v. Crocker, 13 Gray 219, 224; Papanastos v. Heller, 227 Mass. 74, or upon the happening of a contingency. Wunsch v. Donnelly, 302 Mass. 286; Shaw v. Farnsworth, 108 Mass. 357; Freeland v. Ritz, 154 Mass. 257. See South Congregational Meetinghouse in Lowell v. Hilton, 11 Gray 407.
A tenancy at will is terminated not by the execution and delivery of a lease for years but by the commencement of the term of years as provided in the lease or by the lessee’s right to possession under the lease. Michael Chevrolet, Inc. v. Ins’t for Savings in Rox., 321 Mass. 215, 219; Berman v. Rowell, 274 Mass. 260, 267. See Kelly v. Waite, 12 Met. 300, 302. The plaintiff’s right to recover the rent for the month of December is not affected by their failure to give notice to the defendant of the lease for years. See Gen. Laws (Ter.Ed.) chap. 186, sec. 1.
There was no error in the court’s ruling that the “lessee’s term did not commence until defendant had vacated.” It follows that the defendant’s tenancy at *[74] will was terminated by his vacating the premises as a result of the plaintiff’s notice and not by the lease for years.
Widett & Kruger, Attys. for Plff.
Frank P. Fralli, Atty. for Deft.
There was no error in the court’s rulings.

Report dismissed.