C. E. BRADLEY *vs.* BELLE MELTZER & another.

Suffolk.     March 19, 1923. — May 22, 1923.

Present: RUGG, C.J., DECOURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Practice, Civil,* Requests for findings and for rulings.     *Municipal Court of the City of Boston.*

No error can be found in a refusal by a judge of the Municipal Court of the City of Boston to grant a request for a finding of fact.

No error can be found in a refusal by a judge of the Municipal Court of the City of Boston to grant a request for a ruling of law predicated upon facts as to which the evidence is conflicting.

The mere fact, that the owner of a house which, under orders of a contracting builder, was being painted by a third person, gave eight out of nine orders for extra work and selected the colors, does not as a matter of law require a finding, in an action of contract against him, that he exercised such control of the work as would make him liable as principal to the third person for the painting: that still remained a question of fact to be determined on all the evidence.

At the trial of an action by a painter against a contracting builder and the owner of a house to recover for the painting of a house, where it appeared that the contractor was a brother of the husband of the owner and there was evidence that the contractor told the plaintiff, whom on previous occasions he had engaged to do work for him, that he wanted him to do some painting on a house owned by his brother and that his brother would be responsible for the work, it is proper to refuse to permit the plaintiff to be asked by his counsel, " Upon whom did you rely when you made the agreement . . . [the contractor or his brother]?" such question being irrelevant and immaterial.

CONTRACT against Belle Meltzer and Joseph Meltzer for $915.50, alleged to have been " found to be due to the plaintiff upon the plaintiff and the defendants accounting together."     Writ in the Municipal Court of the City of Boston dated September 14, 1920.

Material evidence in the Municipal Court is described in the opinion.     The record states that the " plaintiff made the following requests for findings of fact and rulings of law:

" 1. Upon all the evidence, Joseph Meltzer was the agent of Belle Meltzer, to make for her the contract sued on.

" 2. At no time did the plaintiff have such full and definite knowledge of relation of principal and agent as to make

prior dealings with Joseph Meltzer equivalent to an election to hold Joseph Meltzer as the sole principal.

" 3. The defendant Belle Meltzer, by exercising control over the work to be done by the plaintiff, is liable to the plaintiff as principal.

" 4. The fact that the plaintiff originally charged the work done to Joseph Meltzer does not preclude him from resorting to Belle Meltzer when he discovered her to be the owner of the house at 330 Walnut Avenue, Roxbury, Mass."

The fourth request was granted. The others were denied. The judge found for the plaintiff against Joseph Meltzer, and for the defendant Belle Meltzer, and at the request of the plaintiff reported the action to the Appellate Division, who dismissed the report.

The plaintiff appealed.

The case was submitted on briefs.

*W. M. Smith*, for the plaintiff.

*E. P. Finn*, for the defendant Belle Meltzer.

CROSBY, J. This is an action of contract to recover for painting the house of the defendant Belle Meltzer. There was evidence that the defendant Joseph Meltzer was engaged in the contracting business under the firm name of Joseph Meltzer and Company, and that he had on previous occasions, before the contract in question was made, engaged the plaintiff to do painting for him; that Joseph called on the plaintiff in June, 1920, and told him that he wanted him to do some painting on a house in Roxbury owned by his brother Samuel, husband of Belle Meltzer; that a price was agreed upon and the work was begun by the plaintiff.

The plaintiff testified that Joseph told him Samuel would be responsible for the work. There was evidence that of nine orders for extra work, eight were given by Belle Meltzer and that she selected the colors; that when the work was completed the plaintiff was told by Joseph to send his bill, and that he (Joseph) would approve it and have his brother Samuel send a check. The plaintiff testified that he did not know that Mrs. Meltzer was the owner of the house until after the work was finished.

There was evidence that Joseph was engaged to make

other repairs upon the house and to do other work besides the painting, including putting on a new roof and building a garage and wall. Samuel Meltzer testified that he gave his brother two checks amounting to $750 in payment for the painting. The evidence was conflicting as to whether the contract made by the plaintiff for the work was with Joseph as an independent contractor, or whether the latter acted as agent of the owner. There was no evidence of any contract of the plaintiff made personally with Mrs. Meltzer.

The trial judge refused to rule in accordance with the plaintiff's first, second and third requests, but gave the fourth; and he found for the defendant.

Manifestly it could not properly have been ruled that Joseph Meltzer was agent for the owner in making the contract with the plaintiff; it was a question of fact to be determined upon all the evidence and the reasonable inferences to be drawn therefrom whether the relationship between them was that of principal and agent or whether Joseph was an independent contractor. *Linnehan* v. *Rollins,* 137 Mass. 123. *Dyer* v. *Swift,* 154 Mass. 159. *Dutton* v. *Amesbury National Bank,* 181 Mass. 154. *Christiansen* v. *Lannin,* 215 Mass. 322. Accordingly the first request could not have been given.

The second request was rightly refused: it assumes the relationship of principal and agent existed between Joseph and Belle Meltzer, but as previously stated that was a question of fact to be decided upon conflicting evidence. A ruling which calls for a finding of fact not necessarily to be inferred as matter of law from the evidence is properly refused. *Carnes* v. *Howard,* 180 Mass. 569. *Hosher-Platt Co.* v. *Miller,* 238 Mass. 518, 525.

The third request could not properly have been given: the evidence that Belle Meltzer ordered extra work to be done and selected colors, and the other evidence, were not sufficient as matter of law to show that she exercised such control of the work as would make her liable as principal.

The exclusion of the question " Upon whom did you rely when you made the agreement, Samuel Meltzer or Joseph Meltzer? " to the plaintiff by his counsel, was not error.

Whether the plaintiff relied upon either when he made the contract was irrelevant and immaterial. The issue before the court was whether there was a contract between the plaintiff and the defendants, and the question had no bearing on that issue. Samuel Meltzer is not a party to the action. The legal effect of the agreement made by the plaintiff cannot be affected by his undisclosed mental state; and the admission of the question would not tend to establish the liability of the defendant Belle Meltzer. *Tallant* v. *Stedman*, 176 Mass. 460. *Koplan* v. *Boston Gas Light Co*. 177 Mass. 15, 25. *New York Central Railroad* v. *Swenson*, 224 Mass. 88, 92.

The facts in the case of *Crawford* v. *Moran*, 168 Mass. 446, are distinguishable from those in the case at bar.

While the declaration is alleged to be for an amount found to be due the plaintiff upon an accounting between the parties, there is nothing in the record to show any accounting between the plaintiff and Belle Meltzer; but as no question of pleading is raised, and as the evidence offered by the plaintiff (except as above referred to) was admitted without objection by the defendant, the form of the declaration need not be considered.

The cases cited by the plaintiff are not in conflict with the conclusion here reached. As we perceive no error of law in the conduct of the trial, the entry must be

<div style="text-align:right">

*Order of Appellate Division*
*dismissing report affirmed.*