JOHN L. BECKER *vs.* THOMAS HADLEY & others.

Middlesex.     January 21, 1924. — February 27, 1924.

Present: RUGG, C.J., DeCOURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Agency,* Existence of relation.  *Warehouse.  Negligence,* Of proprietor of warehouse.

At the trial of an action against the proprietor of a storage warehouse for loss of a rug alleged to have been delivered to the defendant for transportation and storage, it appeared that the rug was delivered to a son of the manager of the defendant's business and a material question was, whether the son in receiving the rug for transportation and delivery to the defendant was an agent of the defendant.  It was admitted that the alleged agent was employed as the defendant's janitor and occupied his office.  There was evidence tending to show that the transferring by the alleged agent of goods to and from the defendant's warehouse was permitted by the defendant's manager;  that the alleged agent had access to the storage rooms of the warehouse, carried other goods of the plaintiff from the warehouse and delivered them to him at his request without consulting the defendant or the defendant's manager; that the manager assured the plaintiff that the furniture would be sent

for and stored and, on a previous occasion, had told him that it would be cared for on its arrival, and it was accordingly delivered at the warehouse. There also was evidence that the alleged agent carried on a trucking business in his own name. *Held,* that

(1) A finding was warranted that the alleged agent in transferring the plaintiff's goods was held out by the defendant as his agent and that the plaintiff was led to believe that he was dealing with the defendant in the entire transaction; and that consequently the alleged agent was acting as the defendant's agent and not for himself as an independent contractor;

(2) The fact, that on a former occasion the alleged agent was paid by the plaintiff for transferring furniture, was a circumstance for consideration but did not as a matter of law require a finding that he was not an agent of the defendant in the transaction in question in this action.

TORT for loss of a rug alleged to have been delivered to the defendants for transportation and storage. Writ dated December 19, 1921.

In the Superior Court, the action was tried before *Bishop,* J. Material evidence is described in the opinion. There was a verdict for the plaintiff in the sum of $1,137.32. The defendants alleged exceptions.

*J. L. Edwards,* for the defendants.

*E. C. Park,* for the plaintiff.

CARROLL, J. The plaintiff's declaration alleges that the defendants operated a storage warehouse in Cambridge; that they received from the plaintiff for transportation and storage at their warehouse, certain furniture, including an oriental rug; that the defendants converted the rug, or by their negligence permitted it to be lost. The question in the case was the liability of the defendants as principals for the loss of the rug through the negligence of their alleged agent, Harry N. Duvey. At the close of the evidence, the defendants filed a motion for a directed verdict, which was denied.

There was evidence that the rug was delivered to Duvey in June, 1921, to be carried with other furniture belonging to the plaintiff to the defendants' warehouse; that it was never delivered at the warehouse, but was lost or converted while in transit. It could have been found that Duvey's mother was the manager of the defendants' storage business; that

Duvey had an office on the premises and the use of the telephone, in return for which he acted as the defendants' janitor; that the telephone was listed under the name of the Brattle Storage Warehouse, and also of Frank Duvey Company, the name under which he carried on the business of trucking and furniture moving; that Mrs. Duvey kept the books of the defendants as well as those of her son, received orders for the storage of goods and their transportation, and in all instances when furniture was to be moved to the warehouse, she sent her son for it.

The plaintiff testified that in June, when he interviewed Mrs. Duvey about storing the furniture, she told him, " the furniture would be sent for and stored; " that in February, 1921, he saw Mrs. Duvey at the office of the defendants and informed her that his furniture had been sent from Chicago, and he desired to have it stored; that she told him she would care for it; and that upon its arrival it was stored by the defendants. The jury could find that the goods were carried by Duvey to the defendants' warehouse in February, and the plaintiff was notified of their arrival by the defendants.

It also appeared that while the furniture was in the custody of the defendants, the plaintiff called at the storehouse, desiring to have certain articles moved to his residence. On this occasion he saw Duvey, who opened the room in which the furniture was stored, and after certain articles were collected they were carried to the plaintiff's residence by Duvey. Referring to the interview between the plaintiff and Mrs. Duvey in February, he was asked on cross-examination, " Did you decide that Mrs. Duvey, that her concern was to attend to getting the furniture off the train? " and he replied, " Yes." He also testified in cross-examination that he thought there was a business connection between the two firms, and that they were one. No exception was taken to this evidence.

Whether the relationship between the defendants and Duvey was that of principal and agent was a question of fact to be decided on all the evidence. There was evidence for the jury tending to show that Duvey in transferring the

rug from the plaintiff's residence was acting as the defendants' agent. It was admitted that he was employed as their janitor and occupied their office. There was also evidence that the transferring of goods to and from the defendants' warehouse was done by him; that he had access to the storage rooms of the warehouse, carried the plaintiff's goods therefrom, and delivered them to him on his request, without consulting the defendants or their manager. The defendants' manager assured the plaintiff, according to his testimony, that the furniture would be sent for and stored; and on a former occasion, told him it would be cared for on its arrival, and it was accordingly delivered at the warehouse. The jury would be warranted in finding on this evidence and the inferences to be drawn therefrom, that the defendants undertook to carry and store the plaintiff's furniture; that Duvey, in transferring it, was held out by them as their agent; and that the plaintiff was led to believe he was dealing with the defendants in the entire transaction, as principals, and that Duvey was acting as their agent and not for himself as an independent contractor. *Rintamaki* v. *Cunard Steamship Co. Ltd.* 205 Mass. 115. *Jordan Marsh Co.* v. *Hedtler*, 238 Mass. 43.

The fact that Duvey was paid by the plaintiff on a former occasion for transferring the furniture is a circumstance to be considered on the question whether the relation of principal and agent existed between him and the defendants. But this fact is not conclusive. See *Chisholm's Case*, 238 Mass. 412.

*Exceptions overruled.*