### Elizabeth Smith *vs.* James W. Milne.
### Same *vs.* Joseph Guttentag.

Suffolk.    November 16, 1927. — January 5, 1928.

Present: Rugg, C.J., Braley, Crosby, Carroll, & Sanderson, JJ.

*Abuse of Process. Agency*, Scope of authority. *Evidence*, Competency.

At the hearing together in a municipal court of an action against an attorney at law for damages resulting to the plaintiff, a woman, from the bringing against her of an ejectment proceeding without authority from the plaintiff in that proceeding, with malice and without probable cause, and of an action against a constable for serving the ejectment writ maliciously and without authority, there was evidence that an agent of the plaintiff in the ejection proceedings, who was in charge of the property in question, had been directed by his principal to eject the tenant from the premises and "to hire a lawyer"; that he told the constable to serve on the tenant "fourteen days notice and if she don't pay to evict her"; and that the constable later informed him "that he had engaged counsel to bring ejectment proceedings." *Held*, that

(1) A finding was warranted that the proceedings were brought with authority of the plaintiff therein;

(2) The testimony of the agent as to directions given to him by his principal was competent on the question of his agency;

(3) The evidence warranted findings for the defendants.

Two ACTIONS OF TORT, described in the opinion. Writs in the Municipal Court of the City of Boston dated January 29, 1927.

Material evidence before the judge in the Municipal Court is described in the opinion. There were findings for the defendants. A report to the Appellate Division was ordered dismissed. The plaintiff appealed.

*N. Barnett*, for the plaintiff, submitted a brief.

No argument nor brief for the defendants.

CARROLL, J. These two actions of tort were tried together. The action against Milne, an attorney at law, was brought to recover damages for bringing an ejectment proceeding against Smith, the plaintiff in this action, without authority from Josephine A. Slack, the plaintiff named in the ejectment proceedings, with malice and without probable cause. The action against Guttentag, a constable, was in substance that he served the writ in the ejectment case maliciously and without authority. In each action the trial judge found for the defendant. In the Appellate Division of the Municipal Court of the City of Boston the report was dismissed. The plaintiff appealed.

There was evidence from one Folger, who was an agent of Mrs. Slack and in charge of the property, that he was directed by her to eject Mrs. Smith from the premises and "to hire a lawyer"; that he told Guttentag "to serve on Mrs. Smith fourteen days notice and if she don't pay to evict her"; "that later Mr. Guttentag informed him that he had engaged counsel to bring ejectment proceedings against Mrs. Smith." The judge was fully warranted on this evidence in finding that the ejectment proceedings were brought with the authority of Mrs. Slack. The agency of Folger could be shown by his testimony. *Haney* v. *Donnelly*, 12 Gray, 361, 362. In each case the order dismissing the report is affirmed.

*So ordered.*