ANNA MESCALL *vs.* SOMERSET SAVINGS BANK.

TIMOTHY MESCALL *vs.* SAME.

Middlesex.     January 2, 1940. — April 8, 1940.

Present: FIELD, C.J., QUA, DOLAN, COX, & RONAN, JJ.

*Agency,* Scope of authority, What constitutes. *Landlord and Tenant,* Tenancy at will, Termination of tenancy. *Actionable Tort.*

On the issue, whether a tenant was in arrears of rent, it was error to admit evidence to establish a credit for the tenant on the ground that a rent collector employed by the landlord had promised the tenant's wife a commission for procuring a tenant, if there was no evidence of actual or ostensible authority in the collector to make such a promise.

One receiving a lease in writing of real estate at a time when a tenant at will thereof was in arrears as to his rent was not required, as a condition precedent to a right to evict the tenant, to permit him to remain in possession for the period stated in G. L. (Ter. Ed.) c. 186, § 13, but might evict him if he refused to comply with a written notice giving him a reasonable time to vacate.

Evidence respecting the circumstances of the giving of a lease of real estate for the sole purpose of procuring the ejectment of a tenant at will presented a question for the jury as to whether the lessee was acting strictly as lessee, or as an independent contractor, or as an employee of the lessor.

The wife of a tenant at will, occupying the premises with him, was not entitled to recover damages for injury to her feelings caused solely by an unlawful eviction of the tenant.

Two ACTIONS OF TORT. Writs in the Superior Court dated November 23, 1935.

The actions were tried before *Morton,* J.

*J. J. Higgins,* for the defendant.

*D. H. Fulton,* (*L. Aborn* with him,) for the plaintiffs.

RONAN, J. The plaintiff in the first case sought to recover damages on the first count of her declaration for injury to personal property, on the second count for assault and battery, and on the third count for injuries to her feelings arising from an alleged unlawful eviction. The jury returned a verdict on the first count in the sum of $1, and on the second count a verdict of $5,000 of which, by order of the judge, made upon the defendant's motion for a new trial, the plaintiff has remitted $3,500. The judge directed a verdict for the defendant upon the third count and reported his decision to this court. The plaintiff in the second case, hereinafter referred to as the tenant, is the husband of the plaintiff in the first case; he recovered a verdict of $1 for damage to property and $400 for damages on account of the eviction. Besides the report, the cases are here upon exceptions saved by the defendant to the admission of evidence, to the refusal of the judge to grant certain requests, and to portions of the instructions to the jury.

The defendant contends that the eviction was lawful because it followed a fourteen days' notice to quit given in the last part of December, 1934, or the early part of January, 1935, on account of the tenant being in arrears in rent; that the defendant had leased the premises on February 5, 1935, to Noyes who gave reasonable notice to the tenant to vacate; and that Noyes as lessee, and not as agent of the defendant, evicted the tenant.

It could have been found that the tenancy had not been terminated by notice. There was evidence that the defendant late in December, 1934, or early in January, 1935, gave the tenant a notice to quit on account of the nonpayment of rent, and that on February 5, 1935, it gave a lease to one Noyes for the purpose of ejecting the tenant. Noyes testified to giving the tenant written notice of his lease and a demand to vacate the tenement, and also to various conferences with the tenant and his wife, informing them that he had a lease of the apartment and requesting them to move out. The tenant and his wife, however, testified that they never received any written notice to quit the premises from the defendant or from Noyes and that they never saw

Noyes until he came to eject them. The defendant had answered an interrogatory to the effect that prior to March 1, 1935, it had never given the tenant any notice to quit. A tenancy at will may be terminated by a notice to the tenant to quit in fourteen days for the nonpayment of rent or by a notice given by either party to the other for the purpose of terminating the tenancy, provided such notice is given at least a rent period prior to the time mentioned therein for the expiration of the tenancy. Such a tenancy may be terminated by a conveyance or lease of the tenement. The holding over by a tenant at will after the time fixed by a proper notice given by the landlord or after such conveyance or sale converts the tenancy into a tenancy at sufferance. In case the tenancy is terminated by conveyance or lease, the tenant is entitled to reasonable notice to vacate. If, however, a tenancy at will is terminated other than by notice from the landlord in accordance with G. L. (Ter. Ed.) c. 186, § 12, and the termination was not due to the fault of the tenant, then no action shall be brought to recover possession nor shall the tenant be dispossessed, until a period equal to a rent interval has elapsed after he has been given written notice that his tenancy has terminated. G. L. (Ter. Ed.) c. 186, § 13. *Meader* v. *Stone*, 7 Met. 147. *McGonigle* v. *Victor H. J. Belleisle Co.* 186 Mass. 310. *Mentzer* v. *Hudson Savings Bank*, 197 Mass. 325. *Margosian* v. *Markarian*, 288 Mass. 197. *Souza* v. *Becker*, 302 Mass. 28. There was evidence from which the jury could find that no notice to quit had been given by the defendant to the tenant, and that, if a lease was given to Noyes, he never gave the tenant any notice to vacate the premises.

The tenant contended that he was not in arrears in the payment of rent. The rental was $25 a month payable in advance on the first of the month. There was evidence that the tenant paid $50 on February 7, 1935, which he claimed was the rent for January and February, 1935; and that Packard, the defendant's rent collector, refused on March 1, 1935, to accept the rent for that month as Kiley, the manager of the defendant's real estate depart-

ment, had instructed him not to collect any more rent from the tenant. The defendant, however, in answer to an interrogatory, stated that there was no rent due the defendant on March 1, 1935. But the records of the bank and the testimony of the tenant himself showed that the rent had been in arrears since October, 1934, when only $12.50 was paid. It is the contention of the plaintiffs that the balance of the rent for that month was paid by charging the bank with a commission amounting to $12.50, alleged to have been earned by the tenant's wife in securing a tenant, in pursuance of a promise by Packard to pay her a commission. But Packard was employed by the defendant to collect rent and he had no actual or ostensible authority to make any arrangement to pay a commission. There was error in admitting evidence of such an arrangement. *Broughton* v. *Silloway*, 114 Mass. 71. *Hahn* v. *Loker*, 229 Mass. 363. *Hosher-Platt Co.* v. *Miller*, 238 Mass. 518. *Eastern Advertising Co.* v. *Standard Nut Co. Inc.* 264 Mass. 238. *Massachusetts Hospital Life Ins. Co.* v. *Nesson*, 286 Mass. 216. *Desrochers* v. *Brady*, 299 Mass. 269.

If the jury found that the rent was paid by crediting the tenant with this commission, then they might have found under instructions, to which exceptions were taken, that the tenant was entitled to possession until the time required by G. L. (Ter. Ed.) c. 186, § 13, had elapsed after he had been given notice of the lease. If the alleged commission was disregarded, as it ought to have been, then the jury could properly find that the tenant at the time of the eviction and since October, 1934, was in arrears in the rent; that he was not entitled to continue in possession until the entire period of time prescribed by G. L. (Ter. Ed.) c. 186, § 13, had elapsed after he had received written notice of the termination of the tenancy by the lease to Noyes; and that, if he was given a written notice of the lease a reasonable time prior to the eviction, he was not entitled to possession when he was ejected. The jury should have been permitted to pass upon the issue, and the exceptions of the defendant must be sustained. *Meader* v. *Stone*, 7 Met. 147. *Curtis* v. *Galvin*, 1 Allen, 215. *Pratt* v. *Farrar*, 10

Allen, 519. *Low* v. *Elwell,* 121 Mass. 309. *Lash* v. *Ames,* 171 Mass. 487. *Mentzer* v. *Hudson Savings Bank,* 197 Mass. 325.

The jury could find that Noyes, accompanied by his attorney, a police officer and three other men arrived at the tenant's home at about noon on March 7, 1935. Noyes demanded that the tenant remove his goods and effects from the tenement. The tenant desired at least forty-eight hours' time and insisted that he was entitled to thirty days' notice. Noyes then called in the three men and they removed all the tenant's property, placing it inside the property line. One of the party in coming into the tenement opened the door and it came in contact with the tenant's wife who was standing back of the door, and it is this incident upon which the count for assault and battery is based. The defendant, however, could not be held liable for the acts of Noyes or of those whom he secured to assist him unless it was shown that, in evicting the tenant, he was acting as the defendant's agent. The defendant had the undoubted right to lease the premises to Noyes for the sole purpose of ejecting the tenant, *Groustra* v. *Bourges,* 141 Mass. 7; *DeWolfe* v. *Roberts,* 229 Mass. 410; *Cornet* v. *Lincoln Realty Corp. of Lynn,* 287 Mass. 18, and the defendant would not be responsible for the conduct of Noyes if he was acting only as lessee. *Fiske* v. *Framingham Manuf. Co.* 14 Pick. 491. *Stewart* v. *Putnam,* 127 Mass. 403.

The jury could find that Packard, under orders from Kiley, had refused to accept the tenant's rent on March 1, 1935, and said to him: "We'll give you a week's notice, if you are not out of here in a week we will put you out"; that Kiley on March 2, 1935, had said: "we want you out of there, we will give you a week to get out"; and that when the eviction had begun, Kiley refused to grant the tenant any additional time within which to move and told him: "we told you we were going to put you out a week ago; you have only got yourself to blame." Moreover, there was evidence that Noyes had conferred three times with the defendant's attorney concerning the ejectment of the tenant and that he was paid for his services by the defend-

ant.  It could be found that payment was made for evicting the tenant.  Even if there was no direct evidence that the defendant supervised the manner in which the eviction should be conducted, enough appears to warrant a finding that the defendant at all times possessed the power to control and direct Noyes.  It was a question of fact whether Noyes was acting as lessee, assuming the jury found that a lease had been given to him, or as an independent contractor, or as the employee of the defendant in performing his duties in its behalf in removing a tenant from its property.  *Coughlan* v. *Cambridge,* 166 Mass. 268.  *Straus* v. *Ginsberg,* 245 Mass. 278.  *Becker* v. *Hadley,* 248 Mass. 104. *Marsh* v. *Beraldi,* 260 Mass. 225.  *Ballou* v. *Fitzpatrick,* 283 Mass. 336.  *Smith* v. *Milne,* 262 Mass. 113.  *Baumgardner* v. *Boston,* 304 Mass. 100.

The question reported by the judge is whether the wife of a tenant has a right to recover for injuries to her feelings which were caused by the eviction of the tenant from the dwelling in which she lived with the tenant and their children.  A tenant could recover damages for such an injury, *Fillebrown* v. *Hoar,* 124 Mass. 580, but the wife could not prove the material allegation of her declaration that the defendant had "dispossessed her from said premises."  She was not the tenant and she could not show that she was evicted.  *Meader* v. *Stone,* 7 Met. 147.  *Butler* v. *Smith,* 121 App. Div. (N. Y.) 441; affirmed 195 N. Y. 508.  The ruling directing a verdict for the defendant upon this count of her declaration was right.

The defendant's exceptions in each case must be sustained; and the directed verdict on the third count of the female plaintiff's declaration is to stand.

*So ordered.*