Gadsby, J.
This is an action of tort in which the plaintiff seeks to recover for personal injuries alleged to have been caused by the carelessness and negligence of the defendant, its agent or servant in the operation and control of a motor vehicle. The defendant’s answer is a general denial and a plea of contributory negligence and a further plea that the defendant’s automobile at the time and place set forth in the plaintiff’s declaration was not then being operated by and under the control of a person for whose conduct the defendant was legally responsible.
There was evidence tending to show that on November 21, 1941, the plaintiff who had been shopping at a First National Store on Main Street, Malden, emerged from said store by the rear exit; that the plaintiff started to walk diagonally across the parking lot located in the rear of said *39 store and when doing so, a motor vehicle belonging to the defendant and operated by one of his salesmen backed up and struck the plaintiff, injuring her; that the accident took place upon private property used as a parking space by the customers of the First National Stores; that the automobile was operated by William McKinnon, who was employed by the defendant as a salesman to demonstrate and sell the automobiles of the defendant.
There was also evidence tending to show that on the day of the accident the said McKinnon was requested by his sister-in-law to drive her to this store so that she could do some shopping; that the accident happened when the said sister-in-law returned to the automobile after doing her shopping and when the said McKinnon was backing the automobile out of the said parking space.
There was also evidence tending to show that this automobile was used by the said McKinnon to demonstrate to the prospective customers, and that the salesmen of the defendant could keep the automobile in their possession at all times, and could garage them in places of their choice; that there were no restrictions in their travels but could go where they pleased and that these salesmen had been known to use the cars on errands of their own.
The trial judge made a specific finding in which he found that the operator of the defendant’s car was negligent; that the plaintiff was not negligent and that the defendant’s operator was its agent, acting within the scope of his employment at the time of the accident. The trial judge found for the plaintiff.
The defendant filed the following requests for rulings of law:
“1. There is no evidence to warrant a finding that the defendant was negligent.
2. There is no evidence to warrant a finding that the defendant’s automobile was operated by a person for *40 whose conduct the defendant is legally responsible at the time and place of the plaintiff’s alleged injury.
3. The evidence warrants a finding that the defendant’s automobile was not operated by its agent or servant acting within the scope of said agency or employment at the time and place of the plaintiff’s alleged accident.
4. There is no evidence as a matter of law to warrant a finding that the defendant’s automobile was operated by its servant or agent acting within the scope of his employment at the time and place of the plaintiff’s alleged accident.
5. There is no evidence to warrant a finding that the plaintiff’s alleged accident took place on a public highway within the Commonwealth of Massachusetts.
6. The evidence warrants a finding that the plaintiff’s alleged injury was caused solely as a result of her failure to exercise due care.”
The court allowed the defendant’s reqhest #5, and denied the requests ,#1, #2, #3, #4 and #6.
Bequest [¶] of the defendant may be regarded as waived since the defendant did not mention it in its brief.
As was said in Commonwealth vs. Congdon, 265 Mass. 166 at 168, “An excepting party cannot.impose on the Court an obligation to consider exceptions which he does not consider of sufficient importance to be briefed. ” Smith vs. Import Drug Co., 253 Mass. 368 at 371. Carangias vs. The Market Men’s Relief Assoc., 293 Mass. 284 at 285.
The second request was, “There is no evidence to warrant a finding that the defendant’s automobile was operated by a person for whose conduct the defendant is legally responsible at the time and place of the plaintiff’s alleged injury.”
The request was properly denied since there was evidence that the defendant was the owner of the car and the driver was his agent.
*41 The case of Karpowicz vs. Manasas, 275 Mass. 413, is exactly in point. In this case the contention was raised that there was no evidence that the automobile was registered, that is to say, no certificate of registration was introduced in evidence. The court at page 419 said, ‘‘ Such registration would be established by the undisputed evidence as to ownership and as to operation on a public way by the owner’s chauffeur, and the inference to be drawn therefrom based upon the fact that the people generally obey the law and are therefore presumed to comply with the statutory requirements imposed upon them. The fact of registration being thus established, the statute is applicable. ’’ Doherty vs. Ayer, 197 Mass. 241 at 248.
The third request of the defendant was as follows:
“The evidence warrants a finding that the defendant’s automobile was not operated by its agent or servant acting within the scope of said agency or employment at the time and place of the alleged accident. ’’
The dual capacity of a trial judge sitting without a jury has been discussed so frequently in our opinions that it would serve no purpose to elaborate on this point. Suffice to state that as the court said in Castano vs. Leone, 278 Mass. 429 at 431, “He must lay down correctly the pertinent rules of law for his own guidance; and having done that, he must follow those rules in making the findings of material facts upon the evidence. ’’ Haywood vs. Stiles, 124 Mass. 275. Hillyer vs. Dickinson, 154 Mass. 502 at 503. Cameron vs. Buckley, 299 Mass. 432 at 433.
As was said in Bresnick vs. Heath, 292 Mass. 293 at 298, “The plaintiff was seeking a ruling there was evidence sufficient to justify a finding in his favor. He was entitled to that ruling or to a statement of findings of fact showing that the requested ruling had become irrelevant.” Hetherington & Sons vs. Firth Co., 210 Mass. 8 at 18.
*42 In Povey vs. Colonial Beacon Oil Co., 294 Mass. 86 at 93, “The principle has been laid down by repeated decisions that a trial judge sitting without a jury must correctly instruct himself as to the governing rules of law and must pass upon pertinent requests for rulings of law presented to him for this purpose in such a way as to make it plain that he has not fallen into error.”
The third request should have been granted. There was evidence before the court which if believed warranted a finding for the defendant. At that stage of the trial the question of credibility was not before the court. The trial judge in his dual capacity of judge and jury was requested as judge to instruct himself as jury that such evidence existed.
The scope of agency is a matter of fact. Bradley vs. Meltzer, 245 Mass. 41 at 43. Becker vs. Hadley, 248 Mass. 104 at 106. R. T. Adams Co. vs. Israel, 244 Mass. 139 at 143. Choates vs. Assessors of Boston, 304 Mass. 298 at 300.
On this evidence the judge could have found as of fact that the driver was not acting within the scope of his employment at the time of the accident.
The granting of such a request does not require a finding in favor of the party making the request. A finding one way or another may be warranted as a matter of law but not required. First National Bank of Boston vs. Sheridan, 285 Mass. 338 at 339. Topjian vs. Boston Casing Co., 288 Mass. 167 at 168.
In short the judge could consistently grant the request and yet find the other way. Strong vs. Haverhill Electric Co., 299 Mass. 455 at 456.
But having denied the request, he rules that there is not sufficient evidence to warrant submitting the question to himself as the jury. The excepting party has thus been *43 deprived of the right to have the evidence considered upon the crucial question of fact.
This constituted prejudicial error, and the finding for the plaintiff is therefore vacated and the case remanded for a new trial.