Effo, J.
This is an action of tort by which the plaintiff seeks to recover for personal injuries alleged to have been caused by the negligence of the defendant, its agent or servant, in the operation of a motor vehicle. The de *30 fendant’s answer is a general denial, contributory negligence and a further allegation that the defendant’s automobile at the time of the alleged accident was not then being operated by and under the control of a person for whose conduct the defendant was legally responsible.
At the trial there was evidence that the plaintiff was on a parking space of a First National Store in Malden, where she had been shopping, when she was hit by an automobile owned by the defendant and operated by one William McKinnon, a salesman employed by the defendant to demonstrate and sell automobiles.
This automobile was one usually used by him as a demonstrator to prospective customers. On the day in question, he had been requested by his sister-in-law to drive her to said store where she wanted to do some shopping. He drove her and her two children to the store, where she made her purchases. He waited in said parking space with the two children, and upon her return was backing out to take her home when the accident occurred. At that time he was purely on an errand for her and was not doing anything for his employer.
He testified however that he was always ready and willing to sell automobiles and would have that day had the opportunity presented itself, but that while waiting for his sister-in-law, he did not talk to anyone about the sale of an automobile. He further testified that salesmen keep the vehicles in their possession at all times, and can garage them in places of their choice; that they are not restricted in their travels and can go anywhere in Massachusetts, and use the car on errands of their own.
The defendant duly filed the following requests for rulings which the court denied:
1. There is no evidence to warrant a finding that the defendant was negligent. 2. There is no evidence *31 to warrant a finding that the defendant’s automobile was operated by a person for whose conduct the defendant is legally responsible at the time and place of the plaintiff’s alleged injury. 4. There is no evidence as a matter of law to warrant a finding that the defendant’s automobile was operated by its servant or agent acting within the scope of his employment at the time and place of the plaintiff’s alleged accident. 8. There is no evidence in the record to warrant a disbelief of the testimony offered to establish no agency between the defendant and the operator of this motor vehicle at the time of the accident.
The court allowed the following, requests:
3. The evidence warrants a finding that the defendant’s automobile was not operated by its agent or servant acting within the scope of said agency or employment at the time and place of the plaintiff’s alleged accident. 5. There is no evidence to warrant a finding that the plaintiff’s alleged accident took place on a public highway within the Commonwealth of Massachusetts. 6. The evidence warrants a finding that the plaintiff’s alleged injury was caused solely as a result of her failure to exercise due care. 7. As a matter of law, in view of the evidence before the court on the issue of agency, General Laws (Ter. Ed.) Chapter 231, Section 85A does not apply.
The trial judge found for the plaintiff and also made the following findings of fact :
“I find that the plaintiff was in the exercise of due care. I find that the operator of the defendant’s car was negligent. I find that the operator of the defendant’s car was the agent and acting within the scope of his authority at the time of the accident inasmuch as he was an automobile salesman hoping and ready at all times to sell the car which he was driving. I have denied the eighth defendant’s request for rulings in part because it is involved and in part because granting it would probably be confusing. I did not dis *32 believe the testimony offered in relation to agency. I merely drew different conclusions from it than I was requested to do by the defendant’s counsel.
This case was previously before this division. See 8 A.D.E. 38. At that time it was found that there had been prejudicial error and the case was remanded for a new trial.
The scope of agency is usually a question of fact. Bradley v. Melizea, 245 Mass. 41, 43; Becker v. Hadley, 248 Mass. 104, 106; R. T. Adams Co. v. Israel, 244 Mass. 139, 143; Choates v. Assessors of Boston, 304 Mass. 298, 300. But in the case at bar the defendant by its fourth requested ruling has raised the question and now argues that there is no evidence in the case as a matter of law to warrant the finding that at the time of the accident its agent “was acting within the scope of his employment.”
In asking the Court to rule as requested, the defendant has followed the correct practice in the district courts to raise the question of law whether the evidence was sufficient to warrant the finding made by the trial judge. Forbes v. Gordon & Gerber, Inc., 298 Mass. 91, and cases cited.
The plaintiff is not helped by GL L. (Ter. Ed.) Ch. 231, s. 85A, since the trial judge allowed defendant’s request numbered 7, to the effect that the statute was not applicable to this case. This ruling thus became the law of the case. Noble v. American Express Co., 234 Mass. 536, 539.
The only evidence as to the purpose for which the automobile was being used at the time of the alleged accident came from McKinnon. His testimony, if believed, (and the trial judge states that he did not disbelieve it) shows that he was then engaged on a purely personal errand for his sister-in-law and doing nothing for his employer. We- *33 think it is immaterial that McKinnon was “hoping and ready at all times to sell the car which he was driving.” The issue, as we see it, is not what he hoped to do, hut what he was doing at the time of the accident. Hartnett v. Gryzmisk, 218 Mass. 258, 262. See also Foley v. John H. Bates, Inc., 295 Mass. 557.
We think this fourth requested ruling should have been granted, and that it was' prejudicial error to deny it. To rule otherwise would impose absolute liability on dealers of automobiles for whatever is done by their salesmen.
Having come to this conclusion, we do not think it necessary to examine the defendant’s other requests. Some of them were dealt with when this case was previously before this division. See 8 A.D.B. 38. As the case must be remanded for a new trial, we find it unnecessary to consider them again.
Case to be remanded for a new trial.