CAVAN, J.
This is an action of contract to recover for oil sold and delivered, and for labor and materials furnished by the plaintiff, in the repair of the defendant’s oil burner. The answer is a general denial.
It was agreed by the parties that a balance of $3.65 was owed by the defendant to the plaintiff for oil sold and delivered.
There was testimony from the plaintiff that it had made repairs on the defendant’s oil heater, on December 26, 1948, December 29, 1948 and January 8, 1949 ; that the oil heater was in fair shape at the time; that it was a cold winter; that the heater could not perform properly when the weather registered below twenty degrees; that the repairs were necessary; that the total charges, $30.00 for labor and $70.00 for parts, were reasonable, and that the orders for repairs came from the defendant’s son and tenants during the defendant’s absence in Florida.
The defendant testified that the heater was purchased in the early part of 1948; that it was in perfect condition; that she expected to pay for major repairs, if major repairs were necessary, and that she was in Florida when the repairs were made.
In the trial judge’s statement of findings, is the following:
“I find that the Plaintiff did not produce the alleged contract, that the entire matter was an oral one, and that Mrs. Gardner relied upon the representations of the said Stearns (alleged agent of the plaintiff) and changed her account to the Plaintiff Corporation.”
“I find that all that is due the Plaintiff under their declaration is the sum of $3.65 as agreed upon. I find as a fact that the allegation under the account for labor and materials furnished was not sustained.”
*[159] The report, duly established by the Appellate Division, sets forth that the plaintiff claims to be aggrieved by the admission, over its objections, of the following questions put to the defendant in direct examination:
“What caused you to change your account from Booma-Breed to Briggs Coal Company ?” This question was objected to because it was in relation to hearsay evidence; that the answer would be self-serving; that the authority of an agent could not be shown this way; that it was not shown that said agent was even working, at the time, for the plaintiff and that if his testimony was needed, the defendant could have summoned him. The objection was overruled and report claimed. The witness then answered that “she knew that he was a salesman or engineer for the plaintiff company; that he had worked for the Booma-Breed people and that she transferred her oil to Briggs Coal Company because Stearns induced her to.”
She was then asked “Did Mr. Stearns show you any authority?” Upon objection made, overruled and a report claimed, she answered, “Well, he had me sign a contract for oil and to take care of services on the burner.”
In accordance with Rule 27, the plaintiff reduced its claim for a report to writing, and filed it with the clerk.
These questions were inadmissible to show agency. “An alleged agent ‘may be called as a witness and agency may be shown by his testimony’ (Haney v. Donnelly, 12 Gray, 361, 362; Sylvester v. New York, New Haven & Hartford Railroad, 217 Mass. 148, 152 ; Smith v. Milne, 262 Mass. 113), but in general his statements made out of court tending to show agency, are inadmissible for that purpose because hearsay.” DuBois v. Powdrell, 271 Mass. 394; Simmons v. Poole, 227 Mass. 29, 36; Sylvester v. New York, New Haven & Hartford Railroad, supra; Haney v. Don-nelly, supra.
The second question, Did Mr. Stearns show you any authority ?, was not an attempt to obtain, orally, information of a written contract, but rather to show agency. The judge found that the contract was an oral one.
The judge’s finding, “and that Mrs. Gardner relied upon the representation of the said Stearns (alleged agent) and changed her account to the Plaintiff Corporation,” indicates that he accepted the inadmissible *[160] testimony of agency, to the admission of which the plaintiff objected.
John H. Green, Atty. for Pltff.
Richard H. Rockett, Atty. for Deft.
Because the finding, “that the allegation under the account for labor and materials furnished was not sustained,” may have been affected by the acceptance of such inadmissible evidence, a new trial is to be ordered,