*Western District*
No. 65 T. 538
**MAUREEN ANN BERGER et al**

v.

**WILLIAM STONER**

Argued: Oct. 3, 1967    Decided: Nov. 16, 1967

56

*Present:* Garvey, P.J., Moore, J. and Allen J.

Tried to: *Donohue, J.* in the District Court of Springfield. No. 65 T. 538.

*Moore, J.* This is an action in contract or tort wherein the plaintiff, Maureen, seeks to recover for personal injuries and her husband for consequential damages as a result of an injury sustained by the plaintiff, Maureen, on premises owned by the defendant and allegedly caused by the negligence of the defendant in making repairs. The answer is a general denial, contributory negligence, statute of limitations, assumption of the risk and failure of plaintiffs to give notice to the defendant.

The action was originally brought in the Superior Court in and for the County of Hampden and from there ordered transferred to the District Court of Springfield for trial under the provisions of G.L. c. 231, § 102c.

The trial judge made special findings, as follows:

"1. The plaintiffs rented the premises

at 97 West Avenue, Ludlow, from the defendant for Twenty ($20.00) dollars a week and the tenancy commenced July 19, 1963;

2. Around December 16, 1963, the plaintiffs were given notice to quit the premises for non-payment of rent;

3. On December 23, 1963, the plaintiff, MAUREEN ANN BERGER, severely injured her right arm when it went through the window of an inner door and a storm door;

4. The defendant made repairs to the inner door that had been "sticky" and would not shut properly sometime in November, 1963;

5. The defendant installed an outer storm door sometime in December, 1963, before the date of the accident.

I further find that the tenancy ceased around December 16, 1963, with the notice to vacate for non-payment of the rent."

The trial judge found for the defendant.

The plaintiffs waived Count 1 of their declaration from which we infer that there was more than one count. Upon inspection of the record and declaration in this case, it appears that originally there were three counts to which were added two more by way of amendment. Count 1, which was waived, set forth Maureen was a *tenant,* (emphasis supplied) of the defendant, and that by reason of his negligence and carelessness in the maintenance of

the premises, she was injured by reason of a concealed defect. Count 2 alleges that she was *lawfully using* (emphasis supplied) the premises owned and controlled by the defendant at the time she was injured by reason of the unsafe and defective condition of a door. Count 3 is a count of the husband, Romaine, for consequential damages for the medical expenses of his wife, Maureen. Count 4 alleges that Maureen was a *tenant* (emphasis supplied) and that the defendant agreed to make certain repairs and that the repairs were negligently and carelessly done as a result of which the plaintiff was injured. Count 5 is a count by the plaintiff's husband, Romaine, for consequential damages as a result of the injuries to his wife under the circumstances outlined above in count 4.

The court found for the defendant without specifying in reference to which counts. The docket entries indicate that the finding for the defendant was in reference to count 2. As neither party in their briefs or argument raised any question as to what counts the court's finding applied, it can be assumed that the parties felt and proceeded on the basis that the finding applied to all counts not waived.

*At the trial there was evidence tending to show the following:*

> "that the defendant owned the demised premises at 97 West Avenue, Ludlow, on and before December 23, 1963, and that the defendant rented the said premises to the

plaintiffs for Twenty Dollars ($20.00) a week and that the said tenancy commenced July 19, 1963; that at the commencement of the tenancy, the defendant would pay for the heat and light; that sometime in November, 1963, at the request of the Plaintiffs, the defendant planed the closing edge of the inner door adjoining the outside storm door of said premises because the door was binding and would not shut properly. At the commencement of the tenancy, the door was working properly and was not binding.

On December 23, 1963, the plaintiff, MAUREEN BERGER, was severely injured when her right arm went through the glass portion of the same door which the defendant had previously planed as foresaid. (sic) This accident happened while the plaintiff was trying to close the said door which would not shut properly, because it was binding.

The evidence further disclosed that around December 16, 1963, the plaintiffs were given another notice to quit the premises for non-payment of rent and on December 23, 1963, the plaintiffs were given another notice to quit the premises. This second notice was written and dated December 23, 1963, and was given by an attorney engaged by the defendant and was served by a constable.''

The plaintiff claims to be aggrieved by the allowance of its requests for rulings No. 1 and No. 2 which were as follows:

"1. The evidence warrants a finding for the plaintiff, MAUREEN ANN BERGER, on Count II of the Amended Declaration.

2. The evidence warrants a finding for the plaintiff, MAUREEN ANN BERGER, on Count IV of the Amended Declaration."

The granting of a so-called "warrant" request does not require the trial judge to so find. *Ryerson* v. *Fall River Philanthropic Burial Society,* 315 Mass. 244, 254. *Strong* v. *Haverhill Electric Company,* 299 Mass. 455, 456.

After the finding in this case, the plaintiffs duly filed a motion for a new trial on the ground in substance that the court found that the notice to quit for non-payment of rent terminated the tenancy at will at the time of the giving of this notice and not at the expiration of the fourteen days stated in the notice.

At the hearing on the motion for a new trial, the plaintiff filed four requests for rulings of law as follows:

"1. A notice to quit the premises does not terminate a tenancy at will on the same date the notice is served.

2. When a notice to quit the premises is served on a tenant at will, he can lawfully remain on the premises until the date he is required to vacate as fixed

in the notice and in accordance with the provisions of General Laws, Chapter 186.

3. A landlord's duty of care to his tenant is not effected by the mere service of a notice to quit the premises so long as the tenant is still in possession of the premises in accordance with the provisions of General Laws, Chapter 186.

4. Where a landlord negligently acts or fails to act and would otherwise be liable to his tenant because of his said negligence, the liability of the landlord to his tenant is not effected by the mere service of a notice to quit the premises where the landlord's negligent conduct occurs before the service of the said notice and the tenant's injuries caused by said conduct occur after the notice but while the tenant is still in possession of the premises in accordance with the provisions of General Laws, Chapter 186.''

The court was not required to pass on these requests at that time as no question of law can be raised on a motion for a new trial which could have been raised at the trial on the merits unless the trial judge sees fit to entertain it. *Kennedy* v. *Currier*, 293 Mass. 435, 439.

■ However, the trial judge ruled on these requests and the plaintiff claims to be aggrieved by the denial of requests Numbers 1, 3 and 4. These requests raise the questions as a matter of law as to when the tenancy at will was terminated and what was the status of the defendant to the plaintiffs in reference to the premises at the time of the injury, and as a result of that status or relationship, what was his duty to the plaintiff.

We feel that the notice to quit and deliver up the premises for failure to pay rent did not terminate the tenancy at will until the expiration of the fourteen days from the service of that notice. See: *Mescall* v. *Somerset Savings Bank,* 305 Mass. 575, 577. G.L. c. 186, § 12.

As a result, we feel that at the time of the injury of the plaintiff, she was a tenant at will of the defendant of the premises and that there was prejudicial error by the trial judge in denying plaintiffs' request No. 1 made at the time of the hearing on the motion for a new trial.

**The order in this case should be: New Trial.**

Morton J. Sweeney

of Springfield, Attorney for the plaintiff.

Edward V. Leja

of Springfield, Attorney for the plaintiff.