BEATRICE WORMOOD

*v.*

ALTON BAY CAMP MEETING ASSOCIATION.

*Harold E. Wescott* (by brief and orally), for the plaintiff.

*Conrad E. Snow* (by brief and orally), for the defendant.

BRANCH, J. The rulings of the trial court and the injunction based thereon are perplexing because of the assumptions upon which they appear to rest.

It is assumed that in the absence of a lease or other agreement defining the rights of the parties, one who erects or maintains a building on the land of another with the consent of the owner, thereby acquires some legal right to keep it there after the consent is withdrawn.

It is assumed that a tenancy cannot be terminated by a landlord unless he has an acceptable reason for so doing and that the law forbids such termination "from mere whim or caprice or revenge."

It is assumed that a court of equity has power to override the statute law of the state and enjoin the ejection of a tenant by his landlord whenever it finds the purposes or motives of the landlord to be reprehensible.

More specifically it is assumed that the bringing of a law suit by a tenant against his landlord is something which the latter ought not to resent, and if he perversely seeks to terminate the tenancy on this account, he may be enjoined from doing so until the suit is determined.

In none of these assumptions do we recognize established rules of law or equity.

This case is governed by principles of an entirely different tenor. By every test of common and statute law of this state, the plaintiff was merely a tenant at will of the defendant. *Dame* v. *Dame*, 38 N. H. 429, 434; P. L., c. 213, s. 15; P. L., c. 357, s. 1. Her right to occupy the land in question was terminable at any time by the defendant providing the statutory notice was given. P. L., c. 357, s. 2; *Houston* v. *Laffee*, 46 N. H. 505; *Batchelder* v. *Hibbard*, 58 N. H. 269. Three months' notice is "sufficient in all cases." P. L., c. 357, s. 3. The motives of the defendant in seeking to terminate the tenancy are immaterial. *DeWolfe* v. *Roberts*, 229 Mass. 410.

The injunction was improvidently issued and must be dissolved forthwith.

*Injunction dissolved: bill dismissed.*

All concurred.