### Joseph Lurie et al. *v.* Phillip Sweedler

Appellate Division of the Circuit Court

File No. CV 6-6111-4348

Argued May 18—decided August 17, 1964

*Irving H. Perlmutter,* of New Haven, for the appellants (plaintiffs).

*Mitchel W. Garber,* of New Haven, for the appellee (defendant).

Kosicki, J.  The plaintiffs sued the defendant to recover for damage caused to the heating system on premises owned by them by the negligent draining of water from the heating system and the consequent freezing and rupture of portions of the system. At the conclusion of the trial, the court filed a memorandum of decision which was formulated as a finding of facts and so regarded by the parties. Practice Book § 993. There was no motion to cor-

rect; therefore the subordinate facts as found by the court must stand. Practice Book § 981.

The finding may be summarized as follows: The plaintiffs are the owners of a warehouse building in New Haven containing approximately 20,000 square feet. The building contained three systems using water, namely, the plumbing, heating, and sprinkler systems. In July, 1960, the plaintiff Joseph Lurie leased the premises to the Stewart Manufacturing Company, which occupied the premises until November 10, 1960, at which time it filed a petition in bankruptcy. On November 23, the defendant, in his capacity as auctioneer appointed by the United States District Court, was notified of the adjudication in bankruptcy. He immediately made arrangements with Lurie and Mr. Blenner, a representative of the bankrupt, to meet them at the warehouse for the purpose of securing the assets of the bankrupt and of draining the water from the systems then in use. On this date, the defendant received the key to the premises from Blenner. The defendant engaged Mr. Sherman, an experienced and competent plumber, to drain the water from the three systems, and Sherman did so on November 23 and 24. The draining was accomplished by gravity flow without the application of suction. Lurie and the defendant were both present during the draining operation, and upon its completion the defendant paid Sherman's bill of $35. The building was then locked by the defendant, who kept the key. On December 12, he returned to the building, where he conducted an auction sale under authority from the referee in bankruptcy. On December 15, the plaintiffs leased the premises to a new tenant, who went into immediate possession and occupancy. On December 16, the plaintiff Joseph Lurie instructed his plumber, Joseph Iadonisi, to repair a water-main leak at the curb box, turn on all the water in the building, and

start the oil burner. Iadonisi visually inspected the boiler, and it appeared all right to him. He then filled the boiler with water and fired the burner. Three-quarters of an hour later, water gushed from a part of the boiler and from the return header. Iadonisi observed ice in the boiler and in the condensing pump. The court concluded that Sherman, in performing the work of draining the heating system, was not the agent of the defendant but an independent contractor; and that the plaintiffs had failed to show by a fair preponderance of evidence that Sherman was negligent in draining the system and that his negligence, imputable to the defendant, was the proximate cause of the damage.[1]

From the judgment for the defendant the plaintiffs have appealed, assigning error in the conclusions of the court as derived from the subordinate facts, in the ultimate finding, and in one ruling on evidence. The conclusions of the court are specifically attacked on the following grounds: (1) The defense of independent contractor was not specially pleaded and was not within the issues, and a judgment founded on it is erroneous; (2) there was no direct evidence, nor any pleading by the defendant to support any evidence, of contributory negligence or intervening cause as accounting for the damage; and (3) the comments of the court in its memorandum of decision were speculative and formed an erroneous basis for decision. Error is assigned in a single ruling of the court during the part of the direct examination of Iadonisi which follows: "Q.—Any question in your mind as to what

[1] It is to be noted that no issue was raised as to (1) jurisdiction over the defendant, who was alleged in the complaint to have been acting under the direction and authority of the Bankruptcy Court; (2) whether he had exceeded his authority in undertaking what he did; (3) what the relationship was between the parties; and (4) what duty, superior to that of the plaintiffs, rested on the defendant to protect the water system against temperature changes.

caused the leak? Mr. Garber: I object. Mr. Goldman: I claim it. The court: I will sustain the objection. Mr. Goldman: Exception."

The plaintiffs argue that the judgment cannot be sustained because of the lack of any allegation that Sherman was an independent contractor, citing *Franks* v. *Lockwood,* 146 Conn. 273, 279. There is nothing in the case cited remotely suggesting the rule urged by the plaintiffs. The law appears to be otherwise. Where agency is alleged by the plaintiff, evidence is admissible, under a general denial, to show that the asserted agent was an independent contractor, as tending to disprove one of the plaintiff's allegations which is in issue. *Alexander* v. *R. A. Sherman's Sons Co.,* 86 Conn. 292, 296. It cannot be disputed that the burden rested on the plaintiffs, who alleged agency, to prove it. They failed to sustain that burden. The court, in further concluding that Sherman was an independent contractor, merely emphasized the absence of agency. The subordinate facts fully support its conclusion that Sherman, in the performance of his work, was not an agent of the defendant.

The second claim of error evidently refers to a brief statement in the memorandum of decision that points to the absence of any testimony to show what happened on the premises between December 12 and December 16. During this time someone other than the defendant was in possession and presumably in control of the water systems. Although such observations as were made by the court were not necessary to a decision in the case, since they related only to the claimed negligence of Sherman, who was not a party to the action, they were, nevertheless, inferences which the court could fairly draw from the proved facts and from circumstances that fairly warranted the inference or the conclusion stated.

*State* v. *Foord,* 142 Conn. 285, 294; *City Bank & Trust Co.* v. *Ruthinian Greek Catholic Church,* 102 Conn. 609, 610. The plaintiffs gain nothing by this assignment.

The remaining claim of error is that the court, by excluding a question intended to elicit an expert opinion on the cause of the break in the heating system, erroneously foreclosed a proper inquiry relevant to the issues in the case. The admission or exclusion of expert testimony, for the purpose of aiding the trier in arriving at a correct understanding of the facts, is peculiarly within the discretion of the court; and its decision will not be reviewed unless the exercise of that discretion has been abused. *Coffin* v. *Laskau,* 89 Conn. 325, 329; *Wray* v. *Fairfield Amusement Co.,* 126 Conn. 221, 224; *Rogoff* v. *Southern New England Contractors Supply Co.,* 129 Conn. 687, 691; Maltbie, Conn. App. Proc. § 61. We find no abuse of discretion. Furthermore, it appears from the evidence that the same witness, in his earlier testimony, had been permitted to testify substantially on the same subject matter, and the ruling, if erroneous, could not have harmed the plaintiffs.

There is no error.

In this opinion PRUYN and LEVINE, Js., concurred.