ELIZABETH LaCHANCE *v.* THOMAS L. HOYT ET AL.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 14-685-35851

Argued October 28, 1968—decided October 24, 1969

*Peter L. Costas* and *Michael H. Heneghan,* both of Hartford, and *David B. Beizer,* assistant attorney general, for the appellants (defendants).[1]

*Samuel H. Friedman,* of Hartford, for the appellee (plaintiff).

---

[1] After a default judgment was entered against the named defendant, the attorney general of the state of Connecticut was granted permission to intervene in this action as a party defendant in order to protect three different interests: (1) to assure that proper use is made of the state courts; (2) to protect the "threatened emasculation" of various state statutes and regulations covering sanitary and housing conditions; and (3) to protect the citizens of the state of Connecticut against a deprivation of first and fourth amendment rights and against the effects of summary eviction process unreasonably used. The parties consented to the opening of the default judgment "so as to give the defendant the opportunity to be heard in this court." Accordingly, a full hearing on the merits was held on August 14, 1968; judgment for possession was rendered on September 9, 1968.

Per Curiam. The issues presented on this appeal from a judgment of possession in a summary process action are (1) whether proof of a landlord's retaliatory motive or intent constitutes a defense to a summary process action,[2] and (2) whether a tenant may interpose constitutional issues in an attempt to defeat the action of summary process.

The record in this case discloses that no finding was made and none was requested. Practice Book § 979.[3] The trial court's rather lengthy memorandum of decision contains much dictum as to which we decline to express an opinion one way or the other. It is sufficient for present purposes to point out that the court did not formulate its memorandum of decision in the form of a finding. Practice Book §§ 993, 980; see *Lurie* v. *Sweedler*, 3 Conn. Cir. Ct. 17; Malt-

---

[2] At the 1969 session of the General Assembly, Public Act No. 315 (General Statutes § 52-540a) was enacted, effective October 1, 1969, entitled, "An Act concerning Retaliatory Evictions." The act provides as follows: "In any action for summary process . . . it shall be an affirmative defense that the plaintiff brought such action solely because the defendant attempted to remedy, by lawful means, including contacting officials of the state or of any town, city, borough or public agency, any condition constituting a violation of any of the provisions of chapter 352 of the general statutes or of the housing or health ordinances of the municipality wherein the premises which are the subject of the complaint lie. The obligation on the part of the defendant to pay rent or the reasonable value of the use and occupancy of the premises which are the subject of any such action shall not be abrogated or diminished by any provision of this act." For current literature on retaliatory evictions, see notes, 82 Harv. L. Rev. 932; 44 N.Y.U.L. Rev. 410; 44 Notre Dame Law. 286; 3 Harv. Civ. Rights-Civ. Lib. L. Rev. 193; 3 Law in Action 1 (No. 2, June, 1968).

[3] "[Practice Book] Sec. 979. STATEMENT REQUIRING FINDING. If the appellant desires to have reviewed the court's conclusions upon the facts, he shall add to his appeal a statement to that effect. If such a statement is not so filed, the appellant shall be deemed to have waived his right to a finding." See Practice Book, Form 817. No such statement was added to the appeal in this case; in these circumstances, the defendants are "deemed to have waived . . . [their] right to a finding." As of July 1, 1969, a draft finding must be annexed. Practice Book § 979, as amended.

bie, Conn. App. Proc. § 126. The memorandum of decision is, of course, a part of the record on appeal; Practice Book § 992; but it "may not be used by us as a substitute for a finding of facts." *Shannon* v. *Mereness,* 89 Conn. 284, 285. And " '[w]hile the memorandum of decision cannot supplant the finding, we may consult the memorandum for a better understanding of the basis of the court's decision. . . .' " *Craig* v. *Dunleavy,* 154 Conn. 100, 105; see *Goldblatt* v. *Ferrigno,* 138 Conn. 39, 40.

Our refusal to anticipate constitutional questions is peculiarly appropriate in the circumstances of this case. These questions come to us unillumined by a finding of facts; we are asked to decide them in the abstract. "Again, only an adjudication on the merits [with appropriate findings of fact and conclusions of law reached in accordance with our established appellate procedure] can provide the concrete factual setting that sharpens the deliberative process especially demanded for constitutional decision." *United States* v. *International Union,* 352 U.S. 567, 591. As the court pointed out in *Edwards* v. *Habib,* 397 F.2d 687, 702, cert. denied, 393 U.S. 1016, a leading case dealing with retaliatory eviction, "[t]he question of permissible or impermissible purpose is one of fact for the court or jury, and while such a determination is not easy, it is not significantly different from problems with which the court must deal in a host of other contexts . . . ." There is no basis whatsoever in the record before us for a finding of either permissible or impermissible motive or purpose on the part of the landlord; indeed, the trial court was of the opinion "that the defense of 'retaliatory action' has no place whatsoever in the . . . summary process action. It is not a valid defense." The trial court concluded that "it is immaterial as to whether or not the landlord in this action sought to evict the tenant as retaliation for complaints to various

local and state agencies."[4] Added to the procedural problems which beset this case is federal court dictum to the effect that "the evidence [in this case] failed to sufficiently demonstrate that . . . [the Hoyts] are likely to succeed on the merits of their claim that eviction proceedings were brought for retaliatory purposes. Rather, if anything, the evidence supported LaChances' contention that they proceeded to seek an eviction only after the inspection of Mr. Gardner [a housing code enforcement officer for the city of Hartford] brought to their attention rather serious and damaging misuse of the premises by . . . [the Hoyts] themselves. Thus, there would be ample reason to find on the merits that the LaChances believed that the Hoyts were undesirable as tenants and sought to evict them for that reason. There has been no showing thus far in the case that the eviction proceedings resulted from any scheme or interest to suppress the rights of the Hoyts, or others, to exercise their First Amendment rights to complain to the authorities about the violation of tenement house laws by the LaChances."[5]

---

[4] This is the orthodox view. Prior to *Edwards* v. *Habib*, 397 F.2d 687, the cases invariably held that the landlord's motive or purpose in evicting a tenant was immaterial. See *Fowel* v. *Continental Life Ins. Co.*, 55 A.2d 205 (D.C. Mun. App.); *DeWolfe* v. *Roberts*, 229 Mass. 410, 413; *Wormood* v. *Alton Bay Camp Meeting Assn.*, 87 N.H. 136, 138. "A landlord could at common law terminate a tenancy at will for any purpose he might desire and the tenant could not question his motives or attack his reasons. They were not in issue." *Gabriel* v. *Borowy*, 324 Mass. 231, 234.

[5] *Thomas L. Hoyt et ux.* (plaintiffs) and *Robert K. Killian*, Attorney General of the State of Connecticut (intervening plaintiff) v. *Leonard LaChance et ux.* (defendants), Civil No. 12,598, D. Conn. The plaintiffs therein sought in the United States District Court a preliminary injunction restraining the defendants (the LaChances) from proceeding in any way with the eviction of the plaintiffs (the Hoyts) under the statutes and regulations of the state of Connecticut. Judge Blumenfeld denied the application for a temporary injunction, but retained jurisdiction pending the outcome of the application to the state court for an opening of the default judgment and a presentation of claims asserted by the plaintiffs (the Hoyts) as a defense

The questions presented for our determination on this appeal cannot be resolved on the state of the record. We recognize that counsel are prone to shape litigation, so far as it is within their control, to secure comprehensive rulings. But this court has its responsibilities. It is not our function to give opinions upon moot questions or abstract propositions, nor to declare principles or rules of law. See 5 Am. Jur. 2d, Appeal and Error, § 761. The defendants are seeking advisory opinions upon broad claims of rights protected by the first and fourteenth amendments to the federal constitution. "This court is not required to advise on abstract principles of law." *Norwalk Teachers' Assn.* v. *Board of Education,* 138 Conn. 269, 272.

It follows that want of a finding of the essential facts precludes review of the judgment of the court below.

There is no error.

In this opinion WISE, DEARINGTON and MACDONALD, Js., participated.

in the eviction proceedings now pending in the Circuit Court. As previously pointed out (see note 1, supra), the attorney general was made a party defendant in the summary process action; the default judgment was opened; a trial was held on the merits; and judgment for possession of the premises was rendered for the landlord.